NOT DESIGNATED FOR PUBLICATION

Nos. 113,624
113,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TISH C. MILES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed July 1, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* Tish C. Miles appeals the order revoking her probation in two Sedgwick County criminal cases and ordering her to serve the original sentences. Miles contends that because of her mental health issues, the court should have reinstated her probation and placed her in a residential facility where she could seek help for her problems. Based on our review of the record, the district court acted well within its discretion, so we affirm.

The State charged Miles with one count of forgery in Sedgwick County case No. 13CR2886 in October 2013. Several months later, Miles pled guilty to the charge and

1

was ultimately sentenced to 14 months in prison, which was suspended, and she was placed on probation with court services for 12 months.

Then in June 2014, the State obtained a warrant alleging Miles had violated the terms of her probation when she tested positive for methamphetamine and failed to pay her fines and court costs. At about the same time, Miles was charged in Sedgwick County case No. 14CR1390 with three counts of felony forgery. Miles pled guilty to the new charges. A combined sentencing/probation violation hearing was held in August 2014, during which Miles stipulated to the probation violations alleged in the State's warrant. For the charges in 14CR1390, Miles was sentenced to a controlling term of 30 months in prison that is to be served consecutive to the sentence imposed in 13CR2886 and any other prior convictions. The court then suspended that sentence, placed Miles on 18 months' probation in 14CR1390, and extended her probation in the 2013 case for the same period. Miles was ordered to serve 60 days in jail as a sanction.

About 4 months later, the State alleged Miles violated the terms of her probation in both cases. She was arrested for identify fraud, possession of opiates, and possession of drug paraphernalia. The State further alleged Miles failed to report to her probation officer, failed to attend cognitive skills classes as directed, and that she tested positive for methamphetamine and amphetamines.

The court held a consolidated hearing in January 2015 in both cases. Miles stipulated that the State could prove her violations by a preponderance of the evidence and waived an evidentiary hearing. Miles' counsel argued that Miles had never had a mental health evaluation and that prison would not help the mental health issues counsel believed were an issue for Miles. Counsel asserted that the probation office had indicated that residential corrections was a possibility and it had a bed available for her. The court reviewed Miles' history in the cases and found she continued her drug use and criminal activities despite the opportunities given to her. The court found Miles was not amenable

to probation and that her welfare would not be served by reinstating her probation. The court revoked her probation and ordered her to serve her underlying sentences; it declined her request to modify the sentences by ordering them to run concurrently.

On appeal, Miles was granted leave to seek summary disposition in lieu of briefing pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). In her motion, Miles reiterates her arguments regarding her mental health issues warranting another chance at probation. The State filed a response to Miles' summary disposition motion supporting the district court's decision.

Where the issue is the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Probation is a privilege granted by the sentencing court, and the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court. *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. Miles bears the burden of showing such an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015).

Here, Miles does not assert the district court made its revocation decision due to an error of law or an error of fact. She simply asserts the decision was unreasonable under the circumstances. We disagree. Although Miles relies on her alleged mental health issues, there is no mental health evaluation in the record. Instead, it appears from her criminal history record and probation violations that Miles has an issue with using illegal drugs and engaging in criminal activity. Miles was given several opportunities to remain out of prison, but she managed to consistently commit new offenses and otherwise violate the terms of her probation. While another judge may have concluded that some form of

3

residential corrections would have been a viable opportunity, we cannot find the court's decision unreasonable or arbitrary in light of Miles' apparent inability to comply with her terms of probation for any meaningful period.

Affirmed.