NOT DESIGNATED FOR PUBLICATION

Nos. 114,520
114,521

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON J. PAXSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 9, 2016. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*:  While on probation for felony theft and breath test refusal, Brandon J. Paxson went to his estranged wife's home where he verbally and physically threatened her and her child. As a result of that incident, the district court held a probation revocation hearing at which it determined that Paxson's continued probation presented a danger to the public. The district court revoked Paxson's probation and imposed his underlying sentence. Because the district court gave sufficient particularized reasons for revoking Paxon's probations on the basis of public safety and because we are unable to

1

find that no reasonable person would have acted as the district court did, we find the district court did not abuse its discretion. Accordingly, the district court's decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Paxson pled guilty to two counts of felony theft in case No. 13CR2202. Subsequently, but prior to sentencing, Paxson pled guilty to one count of refusing to submit to a drug and alcohol test in case No. 14CR438. At sentencing, Paxson received a controlling underlying sentence of 13 months in prison to be served as 12 months' probation in 13CR2202. In 14CR438, Paxson's underlying sentence was 12 months in prison, to run consecutive to the 13 months in 13CR2202 and to be served as 72 hours in jail followed by 4,248 hours on house arrest.

Nearly 6 months into Paxson's house arrest, he removed his electronic monitoring device. The next day, Paxson went to his estranged wife's home and verbally threatened to ram his wife and her son with his truck while they were unloading groceries from her car in front of her house. Paxson then got into his truck and revved the engine, making his wife and her son believe he was going to run them over. Rather than hitting the fleeing individuals, Paxson "reversed the truck in an erratic manner," parked it on the other side of the street, then jumped out and chased after the woman and child on foot. Paxson's wife and child were able to make it inside before he caught up to them. Enraged, Paxson stood outside, screaming and banging on the door.

As a result of this episode, the State sought to revoke Paxson's probation. At the probation revocation hearing, Paxson admitted to removing the electronic monitoring device and did not contest the remaining allegations of disorderly conduct and domestic violence. Based on the allegations, the district court decided to revoke Paxson's probation

in both cases, bypassing intermediate sanctions with a finding that the safety of the public would be jeopardized it Paxson was allowed to return to probation.

Paxson now appeals.

ANALYSIS

Paxson argues that the district court erred when it revoked his probation and imposed his underlying sentences. This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court acts (1) arbitrarily, fancifully, or unreasonably; (2) based on an error of law; or, (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting error bears the burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). Paxson rests his claim of abuse of discretion on the first factor—an assertion that the district court acted unreasonably when it denied his request for continued probation so that he could seek treatment for drug and alcohol addiction.

K.S.A. 2015 Supp. 22-3716 limits the discretion of district courts when imposing sanctions on defendants who have violated the terms of their probation so that, in many cases, a first violation will not result in revocation and imposition of a defendant's underlying sentence. See K.S.A. 2015 Supp. 22-3716(c)(1). Nevertheless, in the event that an offender commits a new crime while on probation, absconds from supervision, or if the district court finds that continued probation would be detrimental to public safety or offender welfare, a district court may revoke the offender's probation and require the offender to serve the underlying sentence or any lesser sentence as the court sees fit. K.S.A. 2015 Supp. 22-3716(c)(8) and (9).

3

The district court revoked Paxson's probation because it felt that public welfare would be jeopardized by Paxson returning to probation. In order for public safety to serve as the basis for bypassing intermediate sanctions, a district court must set "forth with particularity the reasons for finding that the safety of members of the public will be jeopardized." K.S.A. 2015 Supp. 22-3716(c)(9). These findings must do more than "simply repeat the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation"; instead, courts must offer some personalized explanation as to how public welfare would be at risk if the court were to continue the defendant's probation. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015).

Here, in reaching the conclusion that public safety would be jeopardized, the district court found that the incident that resulted in the probation revocation hearing "revolved around threats, not just to adults but to children that were beyond words. They included actions as described by [Prosecutor Matt] Dwyer. The behavior was irrational and unpredictable" and could have had frightening results. The district court also considered Paxson's erratic driving, noting, "I am relieved that no one was injured, but I can't imagine that it would have been too difficult for that to have occurred." Finally, the district court considered the fact that Paxson had removed his electronic monitoring bracelet which meant that the court was unable to keep track of him at the time that he made contact with and threatened his estranged wife and her child.

Paxson concedes that these findings were sufficient to satisfy the particularity requirement of K.S.A. 2015 Supp. 22-3716(c)(9). Paxson's sole argument is that the district court should have weighed factors such as his drug addiction and mental illness more heavily when considering whether to impose his underlying sentence or return him to probation.

The standard of review here is abuse of discretion. Even if a person could disagree with the district court's decision to revoke probation rather than allowing Paxson an

4

opportunity to seek drug treatment, the district court's decision should be upheld unless no reasonable person would have acted as the district court did. See *State v. Ottinger*, 46 Kan. App. 2d 647, 654, 264 P.3d 1027 (2011). The district court considered Paxson's request for drug treatment rather than imprisonment, but ultimately the court seemed skeptical of Paxson's timing and motivation—waiting until he was once again in trouble and facing a prison sentence to seek out a treatment program rather than doing so earlier in an attempt to stay clean and be successful on probation. This skepticism was not unreasonable. Additionally, there were valid, affirmative reasons for the district court to revoke Paxson's probation—while on probation, he attempted to avoid being monitored, made serious threats that made his wife and her son fear for their lives, and apparently continued driving and using alcohol and/or drugs despite being prohibited from doing so.

Ordering imprisonment in light of Paxson's violent, erratic behavior while on probation was not unreasonable. The district court's decision is, accordingly, affirmed.

Affirmed.