NOT DESIGNATED FOR PUBLICATION

No. 115,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed January 20, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: Shawn Wilson appeals the revocation of his probation. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Wilson's motion for summary disposition in lieu of briefing. The State filed a response and does not object to summary disposition of Wilson's appeal.

FACTUAL AND PROCEDURAL HISTORY

Wilson was arrested in November 2014 and charged with possession of methamphetamine and possession of drug paraphernalia. Wilson entered into a plea agreement with the State wherein he agreed to plead guilty to both counts in exchange for the State's recommendation of a standard sentence on the possession of

1

methamphetamine charge and a concurrent sentence of 12 months for possession of paraphernalia. At sentencing, the district court granted a dispositional departure to probation and ordered an underlying sentence of 40 months to be served in the event Wilson was not successful on probation.

Two months after Wilson was sentenced, the State filed a motion to revoke his probation, citing arrests on July 2 and 7; Wilson's admission that he used drugs on two occasions; failure to submit to a urinalysis; failure to comply with substance abuse treatment; and failure to comply with mental health treatment. At the revocation hearing, the district court initially attempted to find a way to keep Wilson out of prison so that he could get the mental health and substance abuse services he needed. To that end, the district court first revoked Wilson's probation then stayed the order, giving him over to the Department of Corrections for 60 days while a team of social workers made arrangements for housing and treatment for Wilson. Wilson's release from jail at the end of the 60 days was conditioned on the team of social workers being able to find a suitable program or establish some structure that would help Wilson address the mental health and substance abuse issues that were keeping him from being successful on probation.

In the course of the initial probation revocation hearing, the district court made a finding that "non-prison sanctions are not—you're not amenable to those 'cause you can't and won't take advantage of them. But there's a reason that you're not being able to take advantage of them and that's your mental illness and it's . . . a vicious circle."

A month later a second hearing was held so that the court could receive an update regarding the provisions that were being made for Wilson's release from jail. Wilson's team of social workers presented the plan that they had worked out for his release. The plan did not include inpatient substance abuse treatment because there were no inpatient resources that could address both Wilson's drug addiction and mental health issues. In response, the State argued that Wilson's probation should be revoked and he should be

2

ordered to serve the underlying sentence because he had proven that he was not able to control his impulses to use drugs when out in the community. The district court agreed, finding:

> "[I]n weighing the resources available and your persistent problems, it's this court's opinion that you're not amenable to non-prison sanctions. And I worry not so much about the public, but I worry about your safety and your health when left to your own devices. I see the change in you since you've been in custody when you've had the regulation and the supervision that you apparently require currently.

> "I understand what you might tell me. I've heard it at the last hearing. And I want to do what's best for you and what's best for society, and this is going to go against your wishes, but I'm going to revoke your probation, lift the stay order, and give you over to the custody of the Department of Corrections to serve out the sentence previously imposed. You're a criminal history A, and the problem is it's the circle that you're in, and there's no inpatient secure facility for you, which is what you need . . . .

> . . . .

> ". . . The problem that you have and that I have is when you're left on your own, your addiction starts ruling your life, and I worry about people taking advantage of you as they have on numerous occasions in the past and you acting out against the public. That's the problem that we have and this is how I'm going to solve it."

Wilson now appeals the decision of the district court revoking his probation and ordering him to serve his underlying sentence.

ANALYSIS

Wilson recognizes that a district court may revoke an offender's probation without imposing intermediate sanctions where the welfare of the offender will not be served by

3

continued probation. Nevertheless, he argues that the district court abused its discretion when it revoked his probation.

This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court acts (1) arbitrarily, fancifully, or unreasonably; (2) based on an error of law; or, (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting error bears the burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

When a district court revokes an offender's probation based on offender welfare, the court is required to set "forth with particularity the reasons for finding that . . . the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(9). In doing so, the court must do more than "simply repeat the type of reasoning historically relied upon by sentencing courts." *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). Instead, the district court must "explicitly address how the . . . offender's welfare would not be served by imposition of the intermediate sanctions." 52 Kan. App. 2d at 49.

Here, the district court made the necessary findings. The court specifically found that Wilson needed more structure than probation provided in order to conquer his substance abuse issues and that it was in Wilson's best interest to be confined so that he could attempt to break his cycle of drug abuse and crime. The district court did not abuse its discretion when it ordered Wilson to serve his underlying sentence.

Affirmed.

4