NOT DESIGNATED FOR PUBLICATION

Nos. 115,875
115,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY EUGENE ARNOLD
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed March 31, 2017. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.


*Per Curiam*:  Cody Eugene Arnold appeals from the district court's order revoking his probation and ordering him to serve his underlying sentences in two criminal cases. There is no dispute that the district court complied with the requirements of K.S.A. 2015 Supp. 22-3716 by imposing "quick dip" sanctions for Arnold's first two violations. Arnold asserts, however, that the district court erred in ordering him to serve his full underlying sentences on this third round of stipulated violations. Because we find that the district court did not abuse its discretion, we affirm.

1

In a joint plea agreement made in March 2015, Arnold negotiated pleas in three criminal cases in Barton County, Kansas. Under the agreement, Arnold agreed to plead no contest to one count of aggravated assault on a law enforcement officer in one case and one count of possession of methamphetamine in another case. The related charges were dismissed in each case. In exchange, the State also agreed to dismiss all charges in a third case. The agreement contained promises regarding sentencing recommendations depending upon Arnold's criminal history score. Following a hearing, the court accepted Arnold's no contest pleas and adjudged him guilty of the offenses pursuant to the plea agreement.

Two months later, the court held a sentencing hearing in the two cases. For the aggravated assault on a law enforcement conviction the court sentenced Arnold to 27 months' incarceration but granted a dispositional departure to 24 months of probation with community corrections. On the possession of methamphetamine conviction, the court sentenced Arnold to 30 months' incarceration but placed Arnold on probation for 18 months. The probations were to run concurrently. The court, however, ordered the underlying sentences to run consecutively, rejecting the parties' agreement for concurrent prison terms.

Almost immediately after his sentence was imposed, Community Corrections determined that Arnold was not living where he reported and his whereabouts were unknown for approximately 10 days. Arnold admitted to the State's allegations and accepted a 2-day jail sanction for the violation. About that same time, Arnold also admitted using methamphetamine twice prior to this sanction. As a result, his intensive supervision officer (ISO) recommended Arnold enter inpatient treatment at New Chance, Inc., and successfully complete its recommended programs, including reintegration

through Oxford House. Thereafter, the court ordered Arnold transferred to New Chance in Dodge City.

Within just a few months, an arrest warrant was issued for Arnold for violation of the terms of his probation. The ISO reported that Arnold successfully completed his month-long inpatient treatment at New Chance but failed to engage in outpatient treatment. The affidavit attached to the arrest warrant indicated that in July, Arnold provided his ISO with a Wichita address. The officer discovered in mid-August that Arnold was fired from his job in Wichita, he was living again in Great Bend, and he had failed to inform his ISO. Arnold also failed to report to his ISO after returning from Wichita.

During a hearing, Arnold admitted violating his probation as alleged. The State reported that Arnold had already served a quick dip "as well as another jail sanction" and requested the court order Arnold to serve 120 days in prison. After giving Arnold a chance to consult with his attorney, Arnold returned and reaffirmed his decision to stipulate to violating his probation. The court then imposed a sanction of 120 days in prison. The court also told Arnold that another violation would lead to a revocation of his probation and he should use the 120-day sanction as a way to understand what it was like in prison.

In December 2015, Arnold again was accused of violating the terms of his probation and was ordered to appear before the court. Arnold's ISO reported that Arnold failed a drug test, by testing positive for amphetamines/methamphetamines. In addition, the ISO reported that Arnold was arrested on a Great Bend municipal warrant on December 1, 2015, and he failed to report after his release on that warrant. In a subsequent affidavit, the ISO alleged that Arnold had been seen by police associating with other persons on probation, a violation of his probation terms. In addition, the ISO

asserted that Arnold had been arrested by Great Bend police for fleeing and resisting arrest.

At a hearing in January 2016, Arnold admitted to the allegations made by the ISO, in exchange for an agreement pertaining to a new case arising from his recent arrest. Arnold's counsel cited his client' youth—Arnold was 20 years old—and asked the court to impose the next graduated sanction, 180 days in prison, followed by assignment to Oxford House, a new facility in the county. In the alternative, counsel asked that if the court revoked Arnold's probation, that it modify the underlying sentences to run concurrently for a 30-month prison term. Counsel asserted that for a person Arnold's age, the 30-month term would be sufficient to rehabilitate Arnold. Arnold personally admitted he had a drug problem and that he wanted to obtain drug treatment away from Great Bend because it would help him stay away from his contacts in town.

After hearing the arguments, the district court revoked Arnold's probation. The court cited the seriousness of his original charges, the fact that he received a dispositional departure on those charges, and that he had been given a number of chances to succeed. The court also declined to modify the sentence. The court opined that with the time he would spend in prison, he could stay clean from drugs and perhaps learn job skills. Arnold timely appealed the revocation of his probation and the court's refusal to modify his sentences.

ANALYSIS

On appeal, Arnold argues that the district court abused its discretion in revoking his probation and ordering him to serve the full 57-month underlying sentences. Arnold concedes that the district court complied with the intermediate sanctions requirements under K.S.A. 2015 Supp. 22-3716 and K.S.A. 2015 Supp. 22-3717 and thus had the statutory authority to impose the sentences at issue. Arnold asserts, however, that the

4

court's actions were unreasonable in light of his age, his amenability to treatment, and still significant amount of time concurrent sentences would impose.

"Where the issue [on appeal] is the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). "'[P]robation is a privilege granted by the sentencing court and . . . the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court.' [Citations omitted.]" *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. Arnold bears the burden of showing such an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015).

In this case, Arnold argues only that the district court's ruling was arbitrary, fanciful, or unreasonable. This standard generally requires the appellant to establish that no reasonable person would take the view adopted by the district court. See *State v. Brown*, 305 Kan. 413, 423-24, 382 P.3d 852 (2016). Granted, Arnold was a young man, but he had been on placed on probation and had received a quick dip, was sent to inpatient treatment, failed to participate in outpatient treatment, tested positive for methamphetamines after treatment, spent 120 days in prison, and was charged with new crimes, all within a period of less than 9 months. While another judge might have granted Arnold's request for another sanction followed by an opportunity for treatment, it does not arise to the level of being arbitrary or unreasonable.

Affirmed.