NOT DESIGNATED FOR PUBLICATION

No. 115,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT L. KILLOUGH, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 14. 2017.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*:  Robert L. Killough, Jr., appeals from the district court's order
revoking his probation and ordering him to serve his underlying sentences for felony
fleeing and eluding as well as possession of methamphetamine. After a thorough review
of the record, we find that the district court did not abuse its discretion and therefore
affirm the decision to revoke Killough's probation.

In September 2014, Killough and a codefendant were charged with various drug
and traffic offenses in Sedgwick County District Court. Several months later, Killough

1

executed a written acknowledgement of his rights and a plea agreement with the State. In the agreement, Killough agreed to plead guilty to felony fleeing or eluding law enforcement officers and felony possession of methamphetamine. In exchange, the State agreed to dismiss all other counts in the complaint and to make certain sentencing recommendations, including concurrent underlying sentences and a recommendation that the court place Killough on probation. After conferring with Killough about his rights, the district court accepted Killough's pleas and found him guilty of the two charges.

At a sentencing hearing in May 2015, Killough's criminal history score was determined to be B, higher than the C score anticipated as part of the plea agreement. The district court and parties discussed Killough's recent arrest for driving while suspended, and the court noted that of the 25 prior convictions on the presentence investigation (PSI) report, Killough had been arrested four times for driving while suspended and four times for DUI. Although somewhat reluctantly, the district court ultimately granted Killough's motion for a dispositional departure but advised Killough he had only this one chance. The court imposed concurrent 34-month and 6-month prison terms for the charges and then placed Killough on probation through community corrections for 18 months.

Approximately 3 months after his sentencing hearing, a warrant was issued alleging Killough had violated the terms of his probation. Specifically, Killough's Intensive Supervision Officer (ISO) reported that Killough had twice failed to report and that he was not gainfully employed as required by the terms of probation. At a September 2015 revocation hearing, Killough admitted committing the violations alleged in the warrant. The district court ordered Killough to serve a "quick dip" of 3 days in jail and extended his probation for 18 months. The court cautioned Killough that "[i]f [he didn't] get with the program," the court would send him to prison.

Three months later, a second warrant was issued for Killough alleging a number of violations of the terms of his probation. The ISO alleged that Killough was arrested on

December 1, 2015, for driving while suspended, that Killough failed to gain or maintain employment, and that he failed to perform required community service. At a hearing in January 2016, Killough again admitted the allegations in the warrant. Although Killough asked the court to impose a 180-day sanction rather than the underlying sentences, he acknowledged that another intermediate sanction was not required. The district court found Killough committed a new crime and found that the public safety was at risk because Killough continued to drive without a license following his convictions. Accordingly, the court revoked Killough's probation and ordered him to serve the original sentences imposed. Killough filed a timely notice of appeal from this judgment.

On appeal, Killough argues the district court abused its discretion in revoking his probation as revocation was inconsistent with the goals of the Kansas Sentencing Guidelines. Specifically, Killough contends his failures on probation were due to poverty and financial struggles. He argued that his lack of transportation made obtaining employment and performing public service nearly impossible; he also asserted these probation terms set him up for failure and led him to drive while his license was still suspended. He also argued that he and the community would be better served if he continued on probation because he had been taking the steps to have his driver's license reinstated so he could obtain long-term employment.

Where the issue on appeal is "the propriety of the sanction imposed by the district court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). "'[P]robation is a privilege granted by the sentencing court and . . . the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court.' [Citation omitted.]" *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of

law; or (3) based on an error of fact. Killough bears the burden of showing such an abuse of discretion. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015).

In this case, Killough argues only that the district court's ruling was arbitrary, fanciful, or unreasonable. This standard generally requires the appellant to establish that no reasonable person would take the view adopted by the district court. See *State v. Brown*, 305 Kan. 413, 424, 382 P.3d 852 (2016). In this case, Killough was on probation for fleeing and eluding and possession of methamphetamine. Although the limited number of urine samples he provided tested negative for illegal drugs, Killough continued to violate the law by driving while suspended. Because of his extensive criminal history of DUI convictions, driving while suspended, and drug-related charges, as well as other offenses, we cannot say that the court's decision rises to the level of being arbitrary or unreasonable.

Affirmed.