NOT DESIGNATED FOR PUBLICATION

No. 116,665

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN MARTIN PATTON, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed July 28, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  John M. Patton appeals the district court's decision to impose a 180-day sanction upon revocation of his probation for the second time. This court granted Patton's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

In 2016, Patton pled no contest to two counts of forgery. The district court imposed an underlying sentence of 28 months' imprisonment, suspended to 18 months' probation. On June 22, 2016, the district court found Patton violated his probation by drinking alcohol and failing to submit to urinalysis testing. He was given an intermediate sanction of 3 days' imprisonment, 60 days' house arrest, and his probation was extended for 18 months.

1

Patton tested positive for alcohol on June 24, 2016, and July 7, 2016. He failed to submit to urinalysis testing on August 11, 2016, and was 2 days late in reporting for house arrest as ordered for his previous violation. On August 24, 2016, the district court found Patton violated the terms of his probation. It revoked and reinstated his probation, ordering him to serve a 180-day prison sanction. He timely appealed.

Patton argues the district court erred in revoking his probation and imposing the 180-day sanction. However, he acknowledges that once there has been evidence of a violation of the terms of probation, the decision to revoke probation rests in the discretion of the trial court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the judicial action is based on an error of law; or (3) the judicial action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 297, 301 P.3d 276 (2013).

As Patton acknowledges, K.S.A. 2016 Supp. 22-3716(c)(1)(D) provides a court may impose a 180-day sanction if a lesser sanction has previously been imposed. Here, he received a 3-day sanction for his earlier probation violation. The district court found the 180-day sanction was appropriate because Patton continued to consume alcohol and failed to cooperate with his probation officer. The district court did not abuse its discretion. See K.S.A. 2016 Supp. 22-3716(c)(1)(D); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Affirmed.