NOT DESIGNATED FOR PUBLICATION

No. 116,480

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON T. CESSNA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed October 6, 2017. Affirmed in part and dismissed in part.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Aaron T. Cessna appeals the district court's order revoking his probation. He claims that the court abused its discretion by failing to take into account Cessna's remorse for violating the terms of his probation. Cessna also asserts that the district court abused its discretion when it ordered that he serve his underlying sentence consecutive to his sentence for the new crime he committed while on probation. Finding no error by the court on the first issue and a lack of jurisdiction on the second issue, we affirm the revocation of Cessna's probation and dismiss his complaint concerning consecutive sentencing.

1

Pursuant to a plea agreement, Cessna pled guilty to one count of possession of a controlled substance and one count of felony theft. On January 14, 2014, the district court sentenced Cessna to 12 months' probation with a concurrent underlying prison sentence totaling 23 months' imprisonment. Two months later, the district court issued a warrant alleging that Cessna violated his probation by committing new crimes: namely, four counts of sexual exploitation of a child. Cessna was convicted of multiple sex crimes against a child, including two counts of sexual exploitation of a child in Sedgwick County case 14-CR-624.

The district court held Cessna's probation violation hearing at the same time as his sentencing hearing in the new case. Cessna stipulated to violating the terms of his probation by committing new crimes, and the district court revoked his probation. Cessna requested, however, that the court run his underlying sentence of 23 months' imprisonment concurrent with the sentence imposed in the new case. The district court declined to do so, explaining that to impose concurrent sentences the court would be statutorily required to find that consecutive sentences would result in manifest injustice. The district court found that consecutive sentences would not result in manifest injustice and sentenced Cessna to life imprisonment with the possibility of parole after 618 months, to be served consecutive to a term of 23 months' imprisonment following the revocation of Cessna's probation.

On appeal, Cessna argues that the district court abused its discretion in revoking his probation because Cessna acknowledged that he violated his probation and expressed remorse. Thus, he claims, the goals of the Kansas Sentencing Guidelines would not be served by imposing a prison sentence. Cessna also posits that the district court abused its discretion in ordering that the sentence in his new case be served consecutive to the

underlying sentence in this case because the imposition of consecutive sentences here is "manifestly unjust."

*The district court did not err in revoking Cessna's probation.*

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Whether a district court imposed the proper sentence after revoking probation, however, is a question of law over which this court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

The district court did not abuse its discretion when it revoked Cessna's probation. A district court can immediately revoke a defendant's probation if the defendant commits new crimes while on probation. See K.S.A. 2016 Supp. 22-3716(c)(8). Cessna stipulated to violating the conditions of his probation by committing serious new crimes, and there is nothing in the record indicating that the district court's decision to revoke Cessna's probation was arbitrary, fanciful, or unreasonable. Accordingly, the district court did not err in revoking Cessna's probation and imposing his underlying sentence. This portion of the district court's order is affirmed.

*We lack jurisdiction to consider whether the district court erred in running the defendant's sentences consecutively.*

The only remaining question before us is Cessna's contention that the district court abused its discretion in ordering that his sentences run consecutively. K.S.A. 2016 Supp. 21-6606(c) provides:

> "Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

Accordingly, under K.S.A. 2016 Supp. 21-6606(c), because Cessna was convicted of new crimes while on probation for a felony offense, the district court was required to impose consecutive sentences unless it found that such a sentence would result in manifest injustice. K.S.A. 2016 Supp. 21-6819(a).

But we note Cessna's appeal before us was only from the probation violation orders in his old 2014 case involving possession of a controlled substance and felony theft. As the language from K.S.A. 2016 Supp. 21-6606(c) makes clear, the consecutive sentencing orders could only be issued in his new case involving convictions for sexual exploitation of a child (case 14-CR-624). The court's decision in case 14-CR-624 obviously affected how both cases would actually be served, but the orders for consecutive sentencing emanate from the second case, not the first. Since Cessna did not appeal from the orders of the district court in the second case, we have no jurisdiction to take up the complaints he makes about consecutive sentencing. That portion of his appeal is dismissed.

Affirmed in part and dismissed in part.

4