NOT DESIGNATED FOR PUBLICATION

No. 117,918

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS ALAN BOLITHO,
*Appellant*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed August 10, 2018. Reversed and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: Thomas Bolitho appeals the revocation of his probation claiming the district court made insufficiently specific findings as to how he was a danger to the community to justify the revocation of his probation under K.S.A. 2017 Supp. 22-3716(c)(9)(A). We agree with Bolitho. We reverse and remand with directions.

1

Bolitho pled guilty and was convicted of three counts of aggravated violation of the Kansas Offender Registration Act in 2014. At sentencing, the State recommended a dispositional departure to probation. The district court sentenced Bolitho to a controlling sentence of 161 months' imprisonment and granted Bolitho 36 months of probation to Community Corrections.

In 2015, the State moved to revoke Bolitho's probation for failing to report to the probation office for two months and failing to contact his probation officer on seven occasions. The district court found Bolitho violated his probation for failing to maintain contact with his probation officer. At his probation revocation hearing, Bolitho told the court he had been homeless for 10 years and admitted he did not report to his probation officer due to those circumstances. The court sentenced him to a 10-day jail sanction. See K.S.A. 2017 Supp. 22-3716(c)(11). In 2016, the State moved to revoke Bolitho's probation because he failed to report to the probation office for nearly five months. The district court again found Bolitho violated his probation by failing to report and sentenced him to 30 days in jail. See K.S.A. 2017 Supp. 22-3716(c)(11).

On January 31, 2017, the State filed its third motion to revoke Bolitho's probation because he had not reported since December 20, 2016, and had not complied with his monthly registration. At his probation revocation hearing on April 27, 2017, Bolitho admitted he did not report or register as required. There was confusion by counsel and the court about whether Bolitho had previously served intermediate sanctions. The court found Bolitho was a danger or potential danger to the community because of the underlying nature of his crime and his failure to succeed at probation. The court noted Kansas requires sex offenders to register because they are a danger or a potential danger to the community. The court explained Bolitho's failure to report to authorities makes him a risk to public safety because he is out wandering the streets without anyone

knowing where he is or if he is obeying the law. The court revoked his probation. See K.S.A. 2017 22-3716(c)(9)(A).

ANALYSIS

*The district court failed to make explicit findings.*

Appellate courts use the abuse of discretion standard to determine whether the district court imposed the proper sanction for a defendant's probation violation. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). The defendant bears the burden of showing the abuse of discretion. Determining whether the district court properly imposed a sentence after revoking a defendant's probation invokes a question of law over which an appellate court has unlimited review. Similarly, appellate review is unlimited to the extent that resolution of the revocation and sentencing requires statutory interpretation. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Kansas district courts have multiple statutory tools to address a defendant's probation violation. The district court may invoke intermediate sanctions (often referred to as "dips" and "dunks") when a defendant violates probation. K.S.A. 2017 Supp. 22-3716(c). Intermediate sanctions may include two or three consecutive days in county jail, not to exceed 18 days of confinement—a dip—under K.S.A. 2017 Supp. 22-3716(c)(1)(B). If the district court has already imposed this sanction, it may remand the defendant to the Secretary of Corrections for up to 120 days—a dunk—under K.S.A.

3

2017 Supp. 22-3716(c)(1)(C). If it has already imposed either of those sanctions, the district court may remand the defendant to the Secretary of Corrections for up to 180 days—a dunk—under K.S.A. 2017 Supp. 22-3716(c)(1)(D). Alternatively, the district court may confine the defendant for up to 60 days in county jail, but "[s]uch confinement is separate and distinct" from the intermediate sanctions above. K.S.A. 2017 Supp. 22-3716(c)(11).

In certain circumstances, Kansas district courts may revoke probation and sentence the defendant to prison. First, if the defendant committed a new crime, the district court may revoke probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A). If the defendant received an intermediate sanction under subsections (c)(1)(C) or (c)(1)(D) before the revocation hearing, the district court may sentence the defendant to prison upon revocation of his or her probation. K.S.A. 2017 Supp. 22-3716(c)(1)(E). Even if the district court did not impose the intermediate sanctions under subsections (c)(1)(B), (c)(1)(C) or (c)(1)(D), it may still sentence the defendant to prison upon revocation of the defendant's probation when it "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A).

The Court of Appeals has explained "particularity" in K.S.A. 2017 Supp. 22-3716(c)(9)(A) means the district court's findings "'must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details,'" and the district court must "explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions. [Citations omitted.]" *McFeeters*, 52 Kan. App. 2d at 48-49. In *McFeeters*, the district court questioned McFeeters' drug use and failure to attend drug treatment—a requirement of his probation—and imposed a prison sentence. The Court of Appeals found the district court failed to explicitly address how McFeeters' welfare was not served by intermediate sanctions or how members of the public would be in danger.

4

The court noted the implicit findings were insufficient to revoke his probation. The Court of Appeals determined the district court's analysis of McFeeters' behavior amounted to "conclusory remarks" about his failure to meet the terms of his probation. 52 Kan. App. 2d at 48-49.

Here, Bolitho correctly argues his two prior jail terms—10 days and 30 days in county jail—were not intermediate sanctions. Although counsel and the court were confused at Bolitho's probation revocation hearing, the journal entries from Bolitho's two prior probation violations indicate his confinements to county jail were granted under K.S.A. 2017 Supp. 22-3716(c)(11); therefore, they are clearly "separate and distinct" from the intermediate sanctions found in K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(D). Thus, the district court's revocation of Bolitho's probation will only be upheld if the court set "forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2017 Supp. 22-3716(c)(9)(A).

The district court's conclusions at Bolitho's probation revocation hearing were conclusory remarks similar to those in *McFeeters*, 52 Kan. App. 2d at 49. The district court found Bolitho was a danger or potential danger to the community based only on his status as a registered sex offender and his failure to report. The court explained offenders are required to register because generally they are a danger or a potential danger to the community. The court further explained Bolitho was a danger to the public because he was not reporting and no one knew if he was obeying the law. However, Bolitho's failure to report does not explain *how* he would be a danger to members of the public. There was no indication, for example, Bolitho harmed others or placed others in danger during the time he failed to report. Instead, his failure to report as a registered offender is a failure to comply with the terms of his probation—an insufficient showing of how the public was in danger. See *McFeeters*, 52 Kan. App. 2d at 49. We note too that no evidence was presented at the probation revocation hearing; thus, no evidence at that hearing suggested

5

Bolitho was a danger to the community. Since there were no other reasons to support revocation of his probation and imposition of his prison sentence, we find the district court abused its discretion. We remand to the district court to impose one of the intermediate sanctions provided in K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), or (D).

Reversed and remanded with directions.