NOT DESIGNATED FOR PUBLICATION

No. 121,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES E. ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 25, 2020. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: James E. Anderson appeals the district court's order revoking his probation and ordering him to serve his original 30-month prison sentence. Anderson claims the district court erred by failing to first impose an intermediate prison sanction as required by the law in effect when he committed his crimes of conviction. He also claims for the first time on appeal that his original sentence is illegal because there was not enough evidence for the district court to classify his prior Kansas felony conviction as a person felony. We agree with Anderson that the district court erred by revoking his probation without first imposing an intermediate prison sanction. Because this finding

1

requires the case to be remanded for further proceedings, we decline to address the legality of Anderson's sentence for the first time on appeal, noting that the parties may address the issue in the district court during the proceedings on remand.

*Factual and procedural background*

On February 22, 2019, under a plea agreement, Anderson pled guilty to possession of methamphetamine, interference with a law enforcement officer, criminal possession of a firearm, and possession of marijuana. All the crimes occurred on April 15, 2017. The district court accepted the plea and ordered a presentence investigation report. Ultimately, the district court found Anderson to be in criminal history category C based, in part, on his 2009 Kansas conviction of fleeing and eluding law enforcement which was scored as a person felony. On May 31, 2019, the district court sentenced Anderson to a controlling term of 30 months' imprisonment but made border box findings and granted probation for 18 months to be supervised by community corrections.

On June 10, 2019, Anderson's intensive supervision office (ISO) alleged that Anderson had violated the terms of his probation by failing a urinalysis test and admittedly using methamphetamine twice in early June. Anderson waived his right to a probation violation hearing and accepted a three-day jail sanction. On August 28, 2019, Anderson's ISO alleged that Anderson had again violated the terms of his probation, this time by failing to report to outpatient treatment as directed, testing positive for methamphetamine, and failing to report to his ISO as directed. Based on these allegations, the State moved to revoke Anderson's probation.

The district court held a probation violation hearing on September 3, 2019. Anderson stipulated to violating the terms of his probation by failing to report to outpatient treatment and by testing positive for methamphetamine. The State presented evidence that Anderson also failed to report to his ISO and Anderson presented no

contrary evidence. The State asked the district court to find that Anderson had violated his probation and to order him to serve his original prison sentence. Anderson asked the district court to order an additional intermediate sanction and return him to probation for further drug treatment. Agreeing with the State, the district court revoked Anderson's probation and ordered him to serve the original sentence. Anderson timely appealed.

On appeal, Anderson claims the district court violated his constitutional rights under the Ex Post Facto Clause and the Due Process Clause of the United States Constitution by failing to impose an intermediate prison sanction before revoking his probation as required by the law in effect when he committed his crimes of conviction. Anderson also claims the district court erred when it unreasonably revoked his probation because of "mere technical, nonviolent violations." Finally, Anderson claims for the first time on appeal that his sentence is illegal because there was insufficient evidence before the district court to support the classification of his 2009 Kansas felony conviction of fleeing and eluding as a person felony for criminal history purposes.

*Anderson's probation revocation*

The procedure for revoking an offender's probation is governed by K.S.A. 2019 Supp. 22-3716. That statute requires the district court to impose intermediate sanctions before it can revoke an offender's probation, but the number and type of intermediate sanctions has recently changed. See L. 2019, ch. 59, § 10. Before July 1, 2019, the district court had to impose either a 2-day or 3-day jail sanction followed by a 120-day or 180-day prison sanction before revoking a defendant's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(D). But effective July 1, 2019, the Legislature removed the 120-day and 180-day prison sanction from the intermediate sanctioning scheme. See K.S.A. 2019 Supp. 22-3716(c). Thus, under the 2019 amendment, the district court may now revoke an offender's probation after the offender has received at least one two-day or three-day jail sanction. See K.S.A. 2019 Supp. 22-3716(c)(1)(C).

3

This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Moreover, to the extent this appeal involves statutory or constitutional interpretation, we have unlimited review. *Coleman*, 311 Kan. at 334-35,

Anderson first argues that because the law in effect when he committed his crimes of conviction entitled him to an intermediate prison sanction before revocation, the district court's order revoking his probation violated the Ex Post Facto Clause found in Article 1, § 10 of the United States Constitution. Second, Anderson argues that revoking his probation without first ordering a prison sanction violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because he was not on notice when he pled guilty to his crimes of conviction that his probation could be revoked without the district court first imposing a prison sanction.

Anderson did not raise his constitutional claims in district court, but he asserts that we can consider the claims for the first time on appeal because they involve questions of law arising on proved or admitted facts and the claims are finally determinative of the case on appeal. See *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019). The State does not argue that there is a preservation issue.

In response to Anderson's Ex Post Facto claim, the State asserts that "[t]his issue was recently settled" by the Kansas Supreme Court in *Coleman*, in which the court held that a 2017 amendment to K.S.A. 22-3716 creating a dispositional departure exception to the intermediate sanctioning scheme applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017. See 311 Kan. at 337; see also *State v. Dominguez*, 58 Kan. App. 2d ___, Syl. ¶ 3, 2020 WL 5079777 (Kan. App. 2020)

4

("The 2019 amendment to the intermediate sanctioning scheme at K.S.A. 22-3716 does not apply retroactively to probation violators whose crimes were committed before the effective date of the amendment."). Accordingly, the State concedes that the version of K.S.A. 22-3716 in effect in April 2017—when Anderson committed his current crimes of conviction—controls the required sanctions for Anderson's 2019 probation violations. Based on this concession, we need not address Anderson's constitutional claims in any more detail. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 658, 367 P.3d 282 (2016) (finding that an appellate court need not reach constitutional challenges where there is a valid alternative ground for relief).

As discussed earlier, K.S.A. 2016 Supp. 22-3716(c)(1)(D)-(E), the version of the statute in effect when Anderson committed his crimes, requires a district court to impose either a 120-day or 180-day intermediate prison sanction before the court can revoke a defendant's probation and order the defendant to serve the original sentence. The district court here did not do so. But as our Supreme Court has recognized, a district court may "skip[] the prison-sanction step of the statutorily required intermediate sanctions" if it finds "that a bypass exception existed." *State v. Dooley*, 308 Kan. 641, 650, 423 P.3d 469 (2018.) The State argues that the district court here applied such a bypass exception.

K.S.A. 2016 Supp. 22-3716(c)(9) allows a district court to revoke an offender's probation without having previously imposed an intermediate sanction "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." The State contends that the district court revoked Anderson's probation under this subsection, pointing to the district court's comments at sentencing that it was on the fence about whether to place Anderson on probation and the court's comments at the probation violation hearing that Anderson had been convicted of crimes involving firearms and that he had an extensive history of drug abuse.

But as Anderson asserts in his reply brief, the record on appeal does not support the State's contention that the district court relied on the public safety/offender welfare exception to bypass intermediate sanctions. The district court neither invoked K.S.A. 2016 Supp. 22-3716(c)(9) at the probation violation hearing nor in the journal entry of revocation. The district court also failed to make particularized findings required to utilize that subsection to revoke Anderson's probation. As our Supreme Court has stated, if a district court wants to invoke the public safety/offender welfare exception to bypass intermediate sanctions, it must make findings that are ""'distinct, rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details."'" See *Dooley*, 308 Kan. at 652. Because the statute requires particularized findings, "'an implicit determination is not enough.'" 308 Kan. at 652. The district court must explain *how* the safety of the members of the public will be jeopardized if the offender remains on probation or explain *how* the offender's welfare will not be served by imposition of the intermediate sanction. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). Here, the district court did not make the particularized findings required to bypass intermediate sanctions under K.S.A. 2016 Supp. 22-3716(c)(9), so the State cannot rely on that provision to support the revocation of Anderson's probation.

In sum, as the State concedes, the district court needed to apply the intermediate sanctioning scheme in effect in April 2017 when Anderson committed his crimes of conviction. See K.S.A. 2016 Supp. 22-3716(c). Thus, the district court erred by revoking Anderson's probation without first imposing an intermediate prison sanction or properly bypassing intermediate sanctions, and we must remand this case for a new dispositional hearing. On remand, the district court must impose either a 120-day or 180-day prison sanction before revoking Anderson's probation, unless the court finds a valid statutory ground and makes the appropriate findings to bypass further intermediate sanctions. We note that because more than 180 days have passed since the revocation hearing, Anderson has already served more than the longest intermediate prison sanction that the district court could impose under K.S.A. 2016 Supp. 2203716(c). Finally, this disposition of the

6

appeal renders moot Anderson's other argument that the district court erred by revoking his probation for "mere technical, nonviolent violations."

*Anderson's illegal sentence claim*

In his final issue, Anderson argues that his sentence is illegal because there was insufficient evidence before the district court to support the classification of his 2009 Kansas felony conviction of fleeing and eluding as a person felony for criminal history purposes. The State disagrees, arguing that the district court took judicial notice of the journal entry in the 2009 Kansas case that identified the crime as a person felony. Although the State represented in its appellate brief that it would move to include a copy of the relevant journal entry in the record on appeal, the record on appeal contains no such journal entry. Nor does the sentencing hearing transcript reflect that the district court took judicial notice of the journal entry reflecting the 2009 felony.

"Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review." *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020). It is well established that a party may challenge a sentence as illegal for the first time on appeal. See 311 Kan. at 191. But under the circumstances here and the status of the appellate record, we find it wiser to allow the parties to fully develop and resolve the issue in the district court during the remand proceedings.

Reversed and remanded with directions.