No. 112,784

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS L. MCFEETERS, JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

According to K.S.A. 2014 Supp. 22-3716(c)(9), a sentencing court need not impose intermediate sanctions if it finds and sets forth with particularity reasons that the safety of the public will be jeopardized or that the welfare of the offender will not be served by such sanctions.

2.

When the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details.

3.

Implicit findings by a court are insufficient when particularized findings are required by statute. On review, an appellate court will refrain from substituting its inferences for the district court's legally required explanations.

4.

The district court, when seeking to avoid intermediate sanctions, must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by the imposition of intermediate sanctions.

1

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed November 6, 2015. Vacated and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

HILL, J.:  Dennis McFeeters, Jr., admitted to the district court that he had violated certain conditions of his probation order. The court revoked his probation and sent him to prison. While we agree with the district court that his probation was ripe for revocation, the trouble we have with the court's order is that it did not set forth with particularity why an intermediate sanction, normally imposed in such a situation, was inappropriate here. The law, K.S.A. 2014 Supp. 22-3716(c)(9), requires such findings. Therefore, we must remand the matter to the district court for a new dispositional hearing.

*McFeeters received probation after pleading guilty to a drug crime.*

In February 2014, McFeeters pled guilty to possession of methamphetamine. The district court suspended McFeeters' 20-month prison term and placed him on probation for 18 months. The court ordered McFeeters to comply with various conditions of the community corrections intensive supervision program, including drug and alcohol treatment.

After the State moved to revoke his probation, McFeeters initially admitted that he had failed to report as required by his probation terms. The record also reveals that the affidavit from McFeeters' probation officer, Trenton James, indicated that to encourage McFeeters to comply with the terms and conditions of his probation, James had already

2

given McFeeters a 3-day "Quick Dip" in jail for an earlier violation and, on several dates, James had instructed McFeeters to make contact with his treatment provider.

James testified that McFeeters' actions while on probation caused him to fear for the safety of those in the community and McFeeters' own safety. James described receiving a phone call from McFeeters' proprietor within 24 hours of McFeeters acquiring housing, asking James to have McFeeters physically removed because McFeeters was becoming possessive about the property and was harassing the staff.

McFeeters' landlord also talked with James within the ensuing 48 hours, telling James that she had a video recording of McFeeters damaging property. James advised the landlord to contact the police and file a report. James also stated that he could not provide the community with a safe atmosphere because McFeeters refused to go to drug treatment, refused to attend required office visits, had several positive urinalysis tests that were not included in the show-cause motion, and did not stay at any address he provided to James.

At a later revocation hearing, McFeeters agreed that he did have at least one positive urinalysis test but argued he was still amenable to further probation. He requested reinstatement of probation or, in the alternative, an intermediate sanction of 120 or 180 days' incarceration. The district court disagreed, finding that "public safety or offender welfare" would not be served by another sanction.

*The court revoked probation.*

The district judge explained why she revoked probation:

"My major concern is drug usage. This is a drug case; you've failed to go to treatment. You only reported from the records that I see for about two months and I don't know how

3

many UAs you had in two months, but I would venture to say you didn't have that many. You had one that you were dirty, you may have had more, I don't know how many you had. That was one question I was going to ask Mr. James, unfortunately, he is not here today, but you stopped reporting in two months. I don't know about the drug treatment and what was set up and whether you could get in right away or not, but it seems to me if you had been on probation before, you knew what you needed to do, you did not do that, you picked up another charge in the meantime, albeit a minor charge, apparently, the municipal court charge, but I do have concerns. I read through last night your LSI-R report and the substance abuse evaluation and I think there was some question in the substance abuse evaluation how accurate your recollection was with regard to your usage of drugs. I think that there was some conflicts, at least the evaluator believed that you said different things different times as to your drug usage, but definitely the recommendation was for completion of the intensive outpatient treatment program which you did not do."

The district court ordered McFeeters to serve 20 months in prison. In the journal entry, the district court found that McFeeters did not attempt to go to treatment, he had been on probation before, he was charged with another crime, and the probation officer did not feel he could adequately supervise McFeeters.

*The law of probation revocation is well settled.*

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). McFeeters bears the burden of showing such an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Moreover, whether the district court properly imposed a sentence after revoking McFeeters' probation invokes a question of law over which an appellate court exercises unlimited review. See *State v. Sandberg*, 290 Kan. 980, 984, 235 P.3d 476

4

(2010). Likewise, our review is unlimited to the extent that resolution of this issue requires statutory interpretation. See *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

Other than asking this court to reweigh the evidence presented at the revocation hearing, McFeeters does not point to any errors of fact or law made by the district court. In light of McFeeters' stipulation to violating some of the conditions of his probation and the absence of any good reason in the record for concluding the district court's decision was arbitrary, fanciful, or unreasonable, we hold the district court was well within its discretion to revoke McFeeters' probation. The remaining question on appeal concerns the district court's decision ordering McFeeters to serve his prison sentence.

*A sentencing court must make particular findings.*

McFeeters had already received a 3-day intermediate sanction under K.S.A. 2014 Supp. 22-3716(c)(l)(B) for a criminal trespass citation. This was the charge the court referred to in the journal entry. Thus, before imposing McFeeters' underlying sentence the district court was required to impose either an 120- or 180-day sanction found in K.S.A. 2014 Supp. 22-3716(c)(l)(C) or (D), unless the district court's remarks at McFeeters' revocation hearing were sufficient to invoke the exceptions found in K.S.A. 2014 Supp. 22-3716(c)(9). That statute permits the court to *not* impose intermediate sanctions if it "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9).

In an earlier case, this court has clarified that "[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Further, implicit findings

are insufficient when particularized findings are required by statute. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004).

In discussing the particularity required for K.S.A. 2014 Supp. 22-3716(c)(9), we recently clarified that the district court seeking to invoke the exceptions must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions. *State v. Lane*, No. 111,110, 2015 WL 802739, at *4 (Kan. App. 2015) (unpublished opinion).

The remarks made by the district court at McFeeters' revocation simply repeat the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion to revoke the privilege of probation. The law has changed. Simply stated, the district court's conclusory remarks about McFeeters' apparent unwillingness or inability to conform his behavior to the requirements of probation fail to explain *how* members of the public would be jeopardized if McFeeters remained on probation or *how* McFeeters' welfare would not be served by imposition of the intermediate sanctions under K.S.A. 2014 Supp. 22-3716(c)(1).

As it stands now, any such relationship between the district court's findings and either of the exceptions under K.S.A. 2014 Supp. 22-3716(c)(9) would need to be implied. Implicit findings are insufficient. *Miller*, 32 Kan. App. 2d at 1102-03. We will refrain from substituting our inferences for the district court's legally required explanations. Therefore, we conclude the district court's findings were not set forth with particularity as required by K.S.A. 2014 Supp. 22-3716(c)(9).

We vacate the order sending McFeeters to prison and remand his case to the district court for a new dispositional hearing. At that hearing, the district court could either impose an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c)(l)(C) or (D) or, in the alternative, set forth with particularity its reasons for invoking the exceptions

under K.S.A. 2014 Supp. 22-3716(c)(9) prior to ordering him to serve his prison sentence.

Vacated and remanded with directions.