NOT DESIGNATED FOR PUBLICATION

Nos. 113,934
113,946
113,947

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOWELL MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed July 1, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Lowell Moore appeals from the district court's order revoking his probation in three separate Sedgwick County cases. He contends the district court abused its discretion by revoking his probation and ordering him to serve a reduced prison sentence. He makes these arguments despite the fact he originally faced presumptive prison sentences and had previously been given intermediate sanctions for various prior probation violations. Finding no abuse of discretion, we affirm.

1

Moore was first charged in case No. 13CR0205 with burglary and misdemeanor theft. He pled guilty as charged. Although he faced a presumptive prison sentence because of his prior burglary convictions, the court granted Moore a departure sentence to 24 months' probation with an underlying 23-month prison term. The sentence was imposed on April 9, 2013.

There appears to be an error in the journal entry of sentencing for 13CR0205. Although one portion of the journal entry stated the district court was imposing the aggravated presumptive term of 23 months' underlying prison sentence, the sentence "recap" section stated the underlying prison term was 21 months. The journal entry in case No. 13CR2380 also indicated there was a 21-month sentence imposed in 13CR0205. The record does not include the sentencing transcript from this case to determine the actual sentence pronounced. However, in their briefs, both parties agree the underlying prison sentence in the case was for 23 months.

Just days after he pled guilty to the charges in 13CR0205, the State charged Moore in case No. 13CR0657 with theft of property valued less than $1,000 after a prior theft conviction, a felony. Several months later, he pled guilty to an amended charge of misdemeanor theft. Moore ultimately was sentenced to 12 months' probation with an underlying prison term of 18 months' incarceration. The sentence was ordered to run consecutively to other cases. Moore also was ordered, in addition to standard probation conditions, to complete the drug court program and follow that program's recommendations.

Within 6 weeks after his sentencing in 13CR0205 and his guilty plea in 13CR0657, a warrant was issued alleging Moore had violated the terms of his probation in a variety of ways. His alleged violations included testing positive for and admitting to using amphetamines, failing to obtain a drug and alcohol evaluation, and failing to report.

In addition, a warrant for probation violations was issued based upon Moore's arrest for the charges ultimately filed in 13CR2380. As a result, the terms of Moore's probation were modified and his probation was extended for 18 months.

After being sentenced in 13CR0205 and while 13CR0657 was pending, Moore was arrested in August 2013 and charged with possession of methamphetamine. Moore pled guilty in 13CR2380 to the severity level 5 drug felony in October 2013. In February 2014, the district court again had the option of sending Moore to prison because his crime fell in a border box on the sentencing guidelines drug grid and because he had committed this offense while on probation for a felony offense. Instead, the court again placed Moore on probation for 18 months with an underlying prison term of 32 months' in prison. This sentence was ordered to run consecutively to the sentences in the other two cases. Again, Moore was directed to enter and successfully complete the Sedgwick County Drug Court Program. Moore was in custody for this offense from August 2013 to March 2014.

Approximately 90 days after his sentencing in the third case, yet another warrant for probation violations was filed. This warrant alleged Moore had lied to his intensive supervision officer (ISO) about his employment, failed to attend a scheduled meeting with his ISO, failed to submit to urinalysis testing twice, and submitted a urine sample that was positive for amphetamines. As a result, the district court ordered Moore to serve 180 days with the Department of Corrections (DOC) as an intermediate sanction. Moore was incarcerated with the DOC from June 30, 2014, to September 19, 2014.

Within 2 weeks of his release from the DOC, yet another warrant was issued for Moore for probation violations. The warrant alleged Moore had failed to report for a scheduled urinalysis test twice, failed to report his new address after being turned out of a treatment facility, and failed to report for his weekly office visit or his scheduled drug and alcohol treatment session.

At a revocation hearing on December 30, 2014, Moore waived his right to an evidentiary hearing and admitted all the allegations set forth in the warrant. Moore implored the district court to allow him another chance at probation with a requirement that he receive inpatient drug treatment. Moore admitted he left the state to try to get into a drug treatment program in Oklahoma. He found that the drug court program did not help him because it was not a one-on-one situation and others in the group did not take the program seriously. In the alternative, Moore requested the court modify and reduce the consecutive 65-month underlying prison sentences.

The district court considered Moore's arguments. The court noted that it nearly sentenced Moore to prison at the original sentencing hearing in 13CR2380, but instead agreed that Moore be reevaluated by the drug court program staff. The court discussed the prior sanctions imposed for Moore's ongoing violations and his actions in continuing to violate the terms, including absconding from supervision. The court revoked Moore's probation and ordered him to serve his felony sentences, reduced by 5 months. The court then stated it would review Moore's misdemeanor sentence when he is released from the DOC. Moore timely appealed the revocations in all three cases.

On appeal, Moore argues that because his probation violations were directly related to his drug addictions, it was an abuse of discretion for the district court to order him to serve a prison sentence rather than requiring him to complete inpatient treatment. He claims that the structure of inpatient treatment may well have allowed him to successfully complete his probation when outpatient treatment and drug court failed. Defense counsel also attempted to assume some responsibility because he failed to raise the suggestion for inpatient treatment when Moore's prior violations occurred, especially when Moore had asked counsel about such treatment for some time.

Moore correctly admits our review of the district court's decision is highly deferential. Once the State has proven that a probation violation has occurred, the decision whether to revoke probation rests with the sound discretion of the district court. The burden rests on Moore to show that an abuse of discretion has occurred in this case. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). "Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. [Citation omitted.]" 52 Kan. App. 2d at 47.

Moore does not claim the district court based its decision on an error of law or fact. Instead, he simply argues that the revocation decision was unreasonable under the circumstances. We disagree. Probation is an act of grace by the district court and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Ottinger*, 46 Kan. App. 2d 647, 654, 264 P.3d 1027 (2011).

In this case, the district court exercised its discretion and placed Moore on probation initially in a case which called for a presumptive prison sentence. Even when Moore committed a new offense, the court again granted probation and directed Moore to the services available through drug court. Regrettably, Moore failed to take full advantage of those opportunities and continued to violate the terms of his probation and even absconded from supervision. Given Moore's long criminal history and his repeated failure while on probation in these cases, the district court cannot be said to have abused its discretion in revoking Moore's probation and ordering him to serve a prison sentence.

Affirmed.