NOT DESIGNATED FOR PUBLICATION

Nos. 120,216
120,217

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM R. MORRIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 8, 2019. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM:  William R. Morris Jr. appeals, arguing that the trial court abused its discretion by revoking his probation and imposing his original underlying sentence in his consolidated cases. Morris argues that the trial court erred because it revoked his probation under K.S.A. 2017 Supp. 22-3716(c)(9)(B)—a provision the Legislature had not enacted when he committed his probation violations. Morris also argues that the trial court's decision to impose his original sentence was unreasonable because he could

1

receive better treatment for his drug addiction while on probation. Because neither of Morris' arguments are persuasive, we affirm.

On October 29, 2015, Morris pled guilty to one count of possession of methamphetamine, two counts of theft, and two counts of burglary in No. 14 CR 1991. He also pled guilty to a single count of possession of methamphetamine in No. 14 CR 2332.

The trial court consolidated Morris' cases for sentencing. Based on Morris' criminal history score of A, Morris had a presumed prison status. Nevertheless, the trial court granted Morris' request for a dispositional departure to probation. The trial court sentenced Morris to a controlling term of 12 months' probation, with an underlying sentence of 66 months' imprisonment plus 24 months' jail time followed by 12 months' postrelease supervision.

Over the next couple of years, Morris stipulated to violating the terms of his probation three times. First, Morris admitted to committing two new crimes—domestic battery and "assaultive behavior" in May 2016. At the July 2016 probation violation hearing, the trial court revoked and reinstated Morris' probation, ordering that Morris serve a 3-day jail sanction and extending Morris' overall probation term of 18 months. Second, Morris agreed that he had not complied with several conditions of his probation, including therapy attendance, in October 2016. At the December 2016 probation violation hearing, the trial court revoked and reinstated Morris' probation. This time, in addition to extending Morris' overall probation term 18 months, the trial court ordered that Morris serve a 180-day prison sanction. Third, Morris admitted that he tested positive for methamphetamine in March 2017, tested positive for methamphetamine in April 2017, and failed to report to his probation supervisor following his positive drug tests. At the September 2018 probation violation hearing, the trial court revoked Morris' probation, ordering Morris to serve his original underlying prison and jail sentence.

2

The trial court revoked Morris' probation over Morris' request for either a 60-day or a 120-day jail sanction and a new "drug and alcohol evaluation." Morris asserted he needed another chance on probation because he was a drug addict who would benefit from drug treatment. The trial court rejected Morris' argument for the following reason:

"Well, as noted, this was a dispositional departure on each of these cases. The defendant is a criminal history A. PSI reflects 16 priors dating back to 1985, so over 30 years of convictions. Looks like drug crimes back to '96, so we've got a more than 20-year drug history.

"Judge Wilbert did give Mr. Morris two opportunities already with the two PVs that he had where he was not revoked. So at this point I don't believe that reinstatement is going to be a viable alternative, based upon Mr. Morris' performance to date on probation, so I am going to revoke probation in each of these cases."

Morris timely appeals the revocation of his probation.

*Did the Trial Court Err by Revoking Morris' Probation?*

Appellate courts review whether a trial court correctly revoked a defendant's probation for an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A trial court abuses its discretion if it makes an error of law, an error of fact, or an otherwise unreasonable decision. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015).

On appeal, Morris argues that the trial court abused its discretion when revoking his probation in two ways. First, he argues that the trial court made a legal error when it revoked his probation under K.S.A. 2017 Supp. 22-3716(c)(9)(B)'s exception that the court may revoke a defendant's probation without first imposing intermediate sanctions if the defendant's "probation . . . was originally granted as the result of a dispositional

3

departure granted by the sentencing court pursuant to K.S.A. 21-6815, and amendments thereto." Morris argues that the trial court could not use K.S.A. 2017 Supp. 22-3716(c)(9)(B)'s exception to revoke his probation because he committed his probation violations before the Legislature enacted this exception in July 2017. See L. 2017, ch. 92, § 8. Second, he argues that the trial court acted unreasonably when it refused to revoke and then reinstate his probation so he could attend drug treatment. Nevertheless, neither of Morris' arguments are persuasive.

Morris' argument about the trial court using K.S.A. 2017 Supp. 22-3716(c)(9)(B)'s exception to revoke his probation ignores the trial court's stated reasons for revoking his probation. Although the trial court noted that Morris received dispositional departures in his cases, the trial court explicitly stated that it "[did not] believe that reinstatement [was] . . . a viable alternative" because "Judge Wilbert [had given] Mr. Morris two opportunities already with the two PVs . . . where he was not revoked." Thus, it is readily apparent that the trial court revoked Morris' probation because Morris had previously received the 3-day jail and 180-day prison intermediate sanctions. Moreover, both of the trial court's probation violation journal entries noted Morris' previous intermediate sanctions. Neither address the situation where Morris initially received probation because of a dispositional departure.

Moreover, in his brief, Morris explains that the trial court revoked his probation for two reasons: "The [trial] court appeared to revoke his probation based, *in part*, on the exception granting immediate revocation for those on probation as a result of a dispositional departure." (Emphasis added.) By using the term "in part," Morris concedes that the trial court did not revoke his probation based on K.S.A. 2017 Supp. 22-3716(c)(9)(B)'s exception alone. Additionally, Morris later concedes that the trial court "had legal authority to revoke [his] probation, due to his past sanctions." Morris' concessions taken together establish that Morris implicitly recognizes that the trial court revoked his probation because he had already received two intermediate sanctions.

4

In short, the trial court revoked Morris' probation without reinstatement because it had previously imposed the 3-day jail and 180-day prison intermediate sanctions. And because the court had previously imposed the 3-day jail and 180-day prison intermediate sanctions, the trial court could revoke Morris' probation and impose his original sentence under K.S.A. 2017 Supp. 22-3716(c)(1)(E). As a result, the trial court properly revoked Morris' probation.

Next, Morris' argument that the trial court acted unreasonably by revoking his probation and imposing his underlying sentence hinges on his belief that drug addicts are better served by remaining on probation so they can receive treatment. Morris contends that his "crimes and violations stem from his addiction." Yet, Morris' argument ignores that the trial court originally granted his dispositional departure request because he was to complete inpatient drug and alcohol treatment. Accordingly, the trial court previously provided Morris with the opportunity of drug treatment, which he failed. Furthermore, Morris explicitly told the trial court that drugs were not involved when he violated his probation the first and second time. Thus, despite Morris' contention to the contrary, not all of Morris' violations stem from his addiction.

For these reasons, the trial court did not abuse its discretion by revoking Morris' probation and imposing Morris' underlying sentence.

Affirmed.