NOT DESIGNATED FOR PUBLICATION

No. 122,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW LEE FINCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed January 8, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Matthew Lee Finch appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Finch's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded, asserting that the district court's ruling was supported by the facts and statutory authority. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

In December 2018, Finch pled no contest to one count of unlawful possession of a controlled substance, a severity level 5 drug felony. K.S.A. 2018 Supp. 21-5706(a), (c)(1). As part of the plea agreement, the State agreed to support Finch's request for a dispositional departure from the presumptive prison sentence.

At sentencing in April 2019, defense counsel emphasized that Finch advised he had never been given the chance to seek drug treatment despite his drug-related criminal history. The district court found Finch's criminal history score to be a C and imposed an underlying sentence of 30 months' imprisonment with 12 months' postrelease supervision, then granted the dispositional departure by ordering 12 months' probation. The terms of probation included conditions to complete drug and alcohol treatment and submit to regular drug and alcohol testing.

In August 2019, the State moved to revoke Finch's probation for failing to:

"1.     Comply with all treatment and/or counseling programs ordered by the Court and/or deemed necessary by your ISO.
"2.     Report for jail sanction imposed.
"3.     Submit to breath, blood and urinalysis testing procedures used to detect the presence of alcohol, drugs, or other non-prescribed mood altering chemicals.
"4.     Report to mandatory cognitive behavioral class.
"5.     Report to Intensive Supervision Officer as directed."

Finch stipulated to these violations and requested that the district court reinstate probation. Instead, the court revoked Finch's probation and imposed the underlying sentence, noting it had granted Finch a dispositional departure at sentencing. The court found that Finch received "every opportunity" to succeed but that he failed to avail himself of that opportunity. Finch now appeals.

ANALYSIS

Appellate courts review a district court's decision whether to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Finch bears the burden of showing an abuse of discretion. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Finch does not challenge the alleged probation violations in this appeal. Instead, he asserts that the district court should have imposed an intermediate sanction before revoking his probation. But beyond stating the court abused its discretion, Finch does not point to any errors of fact or law in the district court's decision. So that leaves us with deciding whether the court's decision was arbitrary, fanciful, or unreasonable. We find it was not.

First, Finch acknowledges that the district court may revoke probation without having previously imposed a sanction if the probation was originally granted as a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Here, Finch was found guilty of felony possession of methamphetamine and faced a presumptive prison sentence, yet the district court granted a dispositional departure.

Second, Finch was granted a dispositional departure upon his agreement with the prosecutor and judge that he would complete inpatient treatment. He did not do so. Although he argues inpatient treatment was not available due to a lack of funding, he also failed to complete an alternative outpatient treatment program and walked out of a detoxification facility within a few hours after he was taken there by a community corrections employee. His probation officer required he report to jail for a two-day sanction and he failed to report to the jail.

Finally, from the minute Finch was released from jail until the time of his revocation hearing, he continued to consume illegal drugs regularly. And he significantly minimized his history of drug use during his evaluation. He failed to report for drug testing 15 times, a point the district court judge emphasized.

Based on the record before us, we conclude the district court did not abuse its discretion in revoking Finch's probation and imposing the underlying sentence.

Affirmed.