NOT DESIGNATED FOR PUBLICATION

Nos. 122,845
122,846
122,847

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DURAYL TYREE VANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: Durayl Vann appeals the district court's revocation of his probation after he violated the terms of his probation in several respects, including by committing a misdemeanor theft. We granted Vann's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After reviewing the court's decision, we find it did not abuse its discretion and affirm.

This consolidated appeal arises from the district court's revocation of Vann's probation in three cases. A brief history of those cases sheds light on our review.

1

In 14CR954, Vann pleaded no contest to failing to register under the Kansas Offender Registration Act. At sentencing, the district court imposed an underlying prison sentence of 46 months, then suspended that sentence and imposed 24 months' probation. Vann agreed to abide by various conditions while on probation, including obeying the law, reporting to his intensive supervision officer (ISO), refraining from drug use, and paying court fees. In August 2016, Vann stipulated to using drugs and failing to pay court costs, and his ISO imposed a three-day jail sanction. In October 2016, the State sought to revoke his probation after he committed new crimes, used drugs, and failed to submit urinalyses. At the January 2017 probation violation hearing, Vann stipulated to the violations, and the court imposed a 120-day prison sanction.

In 18CR444, the State charged Vann with possession of cocaine with the intent to distribute; the State also moved to revoke his probation in the 2014 case. Vann pleaded no contest to the possession charge and admitted that he violated his probation in the 2014 case. The court sentenced Vann to a 49-month prison sentence for the possession charge, then suspended his sentence and imposed 18 months' probation. It also extended his probation in the 2014 case for an additional 18 months.

In 18CR1099, the State charged Vann with theft and interference with a law enforcement officer based on a November 2017 incident. Vann again pleaded no contest, and at the March 2019 sentencing hearing, the court imposed an underlying 16-month prison sentence with 12 months' probation.

In July 2019, the State moved to revoke Vann's probation in these cases after he committed various theft crimes; he had also used drugs and had failed to register and complete substance-abuse treatment. At a hearing in January 2020, Vann stipulated to the violations and noted he had pleaded no contest to misdemeanor theft.

The district court sentenced Vann to time served for misdemeanor theft. In 18CR1099, the court closed the case by imposing a zero-month sentence. And in the remaining cases—14CR954 and 18CR444—the court revoked Vann's probation and reduced the sentence in the 2014 case from 46 months to 23 months, resulting in a combined 72-month prison sentence.

Vann appeals, arguing the district court abused its discretion when it revoked his probation. He asserts that several of his violations stemmed from his incarceration in other counties, not from an unwillingness to comply with the terms of his probation, and thus argues that the court should have been more lenient in its ruling.

The district court's discretion to revoke a person's probation is defined by statute. When Vann committed his underlying crimes, Kansas employed a graduated-sanction system for probation violations. Once the State established a probation violation had occurred, a court could impose a 2- or 3-day jail sanction for an initial probation violation, a 120- or 180-day prison sanction for a second violation, and revoke probation for a third violation. K.S.A. 2013 Supp. 22-3716(c)(1)(B)-(E); K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E). But a court could bypass this graduated system and revoke probation if the probationer committed a new crime. K.S.A. 2013 Supp. 22-3716(c)(8); K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, based on a mistake of law, or based on a mistake of fact. 52 Kan. App. 2d at 47.

We note that at the time of the hearing on Vann's most recent probation violations, the district court had exhausted the graduated statutory sanctions for violations of his probation in 14CR954, but not 18CR844. Nevertheless, Vann pleaded no contest to

3

misdemeanor theft and admitted that he had committed a new crime while he was on probation. As such, the court had discretion under Kansas law to revoke his probation without undergoing the graduated sanctions set forth in K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E). The court's decision to do so was certainly reasonable, especially given Vann's history of noncompliance and the court's adjustment of his underlying sentence. The district court did not abuse its discretion when it revoked Vann's probation.

Affirmed.