NOT DESIGNATED FOR PUBLICATION

Nos. 122,374
122,375
122,376

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS J. COLLIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 19, 2021. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Natasha Esau*, assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Travis Collier appeals the district court's revocation of his probation after he committed multiple new crimes. Because the court's decision was a reasonable and permissible exercise of its discretion, we affirm.

Collier was charged with committing multiple crimes in three cases between August and October 2016. In 16CR626, the State charged Collier with possession of methamphetamine with the intent to sell, possession of a depressant with the intent to

1

sell, and possession of drug paraphernalia with the intent to distribute. In 16CR684, the State charged him with possession of methamphetamine with the intent to distribute, possession of marijuana, and possession of drug paraphernalia. And in 16CR804, he was charged with possession of methamphetamine and possession of drug paraphernalia.

Collier resolved these three cases through a global plea agreement. After the State amended the possession of methamphetamine with the intent to distribute charge in 16CR684 to simple possession, Collier pleaded guilty to all charges. Both parties then recommended that the court grant probation in each case, with the sentences for all cases running concurrently, for a controlling sentence of 36 months' probation.

The sentencing court accepted the parties' recommended disposition. Collier's convictions in two of the cases, 16CR684 and 16CR804, carried presumptive dispositions of probation under the Kansas sentencing guidelines. In the third case, 16CR626, the court granted a downward dispositional departure, imposing 36 months' probation in lieu of the underlying 56-month prison sentence. The court ordered that all sentences be served concurrently, resulting in 36 months of probation.

Between his sentencing in December 2017 and September 2019, Collier violated the conditions of his probation—and was sanctioned for his noncompliance—on three occasions. In January 2018, he served a three-day jail sanction after testing positive for methamphetamine and admitting that he had used the drug. He later received the same sanction in January 2019, when he again tested positive for and admitted using methamphetamine, and in February 2019, when he committed misdemeanor theft.

In September 2019, Collier was arrested for driving with a suspended license and for possessing drugs and drug paraphernalia. Shortly after his arrest, the State moved to revoke Collier's probation in the three 2016 cases. At the hearing on the State's motion, Collier stipulated to the violations the State alleged, admitting that he had committed

multiple new crimes while on probation. But he requested a 60-day jail sanction—a sanction also recommended by Community Corrections—rather than an outright revocation of his probation to allow him to seek treatment for his drug use.

After considering the parties' arguments, the district court revoked Collier's probation. The court observed that Collier had previously violated the terms of his probation on multiple occasions, including when he committed misdemeanor theft earlier that year, and had thus far only received three-day sanctions for his noncompliance. And the court found that Collier had now committed additional crimes, including possessing drugs and drug paraphernalia. The court also noted that its original decision to grant Collier probation departed from the Kansas sentencing guidelines, though the court mistakenly indicated that Collier's probation had been the result of a departure in all three 2016 cases, not just 16CR626.

The court then reduced Collier's sentence in 16CR626 from a 56- to a 36-month prison term and ordered that all sentences be served concurrently, resulting in a controlling sentence of 36 months in prison. In doing so, the court effectively reduced Collier's original underlying prison sentence by 20 months. Collier appeals.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, based on a mistake of law, or based on a mistake of fact. 52 Kan. App. 2d at 47.

The district court's discretion to revoke a person's probation is defined by statute. When Collier committed his underlying crimes in 2016, Kansas employed a graduated-sanction system for addressing probation violations. Once the State established a probation violation had occurred, a court could impose a 2- or 3-day jail sanction for an initial probation violation, a 120- or 180-day prison sanction for a second violation, and

3

revoke probation for a third violation. K.S.A. 2016 Supp. 22-3716(c)(1)(B)-(E). There were also exceptions to this system. Relevant to our discussion here, a court could forego the graduated sanctions and revoke an offender's probation if the court made particularized findings that an intermediate sanction would jeopardize public safety or would be contrary to the offender's welfare. K.S.A. 2016 Supp. 22-3716(c)(9). And the court could also bypass the graduated system and revoke a person's probation when he or she committed a new crime. K.S.A. 2016 Supp. 22-3716(c)(8)(A).

Collier acknowledges that he committed new crimes in September 2019 while on probation. But he argues that before the district court revoked his probation, it was required under K.S.A. 2016 Supp. 22-3716(c)(9) to "set[] forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served" by an intermediate sanction, a salient finding given his need for drug treatment. This argument is misplaced. When a district court exercises its discretion to revoke a person's probation after he or she commits a new crime—governed by K.S.A. 2016 Supp. 22-3716(c)(8)(A)—it does not need to make the particularized findings discussed in K.S.A. 2016 Supp. 22-3716(c)(9). Those findings are only required to justify a court's decision to revoke probation—and forego the prescribed graduated sanctions—when there is not another statutory exception allowing that action.

We are thus left to consider whether the district court abused its discretion when it revoked Collier's probation after he committed multiple new offenses. It is true, as Collier points out, that the court misstated the number of downward dispositional departures it originally granted when it was discussing the background of Collier's three 2016 cases. But that departure history was not the court's primary reason for revoking his probation. Instead, the court emphasized that Collier had been given the opportunity to reform his life while on probation, even though he had been originally convicted of possessing drugs with the intent to distribute—offenses that carried presumptive prison sentences. Yet Collier repeatedly violated the terms of his probation, testing positive for drugs and

4

committing theft. And now, he had committed additional crimes, including multiple drug-related offenses.

The district court's decision to revoke Collier's probation and impose a controlling 36-month prison sentence was reasonable. The court did not abuse its discretion.

Affirmed.