NOT DESIGNATED FOR PUBLICATION

No. 122,771

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEROMI MYKIEL HOLLIDAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed April 23, 2021. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Geromi Mykiel Holliday appeals the district court's revocation of his probation. Holliday entered into a plea agreement with the State whereby he pled guilty to possession of oxycodone and was placed on probation. Subsequently, Holliday committed several violations of the terms of his probation, including the commission of a new crime. As a result, the district court revoked his probation and ordered him to serve his underlying prison sentence. Finding no abuse of discretion, we affirm the district court's decision to revoke Holliday's probation and to require him to serve his underlying sentence.

1

FACTS

In October 2016, Holliday entered into a plea agreement and pled guilty to possession of oxycodone. The district court accepted his plea and sentenced him to 32 months in prison. However, the district court suspended his sentence and placed him on probation for a period of 24-months. On August 2, 2018, the district court signed an agreed journal entry extending the term of Holliday's probation for an additional 12 months.

In May 2019, the State filed a motion to revoke Holliday's probation. Specifically, the State alleged that he had violated the terms of his probation by: (1) being unemployed and not seeking employment; (2) failing to provide his current residential address to his probation officer; (3) being convicted of a new crime while on probation; (4) failing to make court ordered payments; and (5) testing positive for the presence of PCP and failing to submit to another test.

At the probation revocation hearing, Holliday conceded to four of the alleged probation violations. Regarding the allegation that he had been convicted of a new crime, Holliday acknowledged that he had been charged with aggravated battery in Wyandotte County but had pled guilty to misdemeanor battery. Ultimately, the district court found that Holliday's probation should be revoked. In addition, it found that it was appropriate to impose his underlying prison sentence. Thereafter, Holliday timely appealed.

ANALYSIS

On appeal, Holliday contends that the district court erred in revoking his probation and imposing his underlying prison sentence. In particular, he argues that the district court failed to make a finding with particularity that he committed a new crime. A decision to revoke probation is generally reviewed by our court for an abuse of

2

discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

When Holliday committed his oxycodone crime in October 2013, the district court's discretion was limited by the terms of K.S.A. 2013 Supp. 22-3716, which provided for the imposition of intermediate sanctions for a probation violation under certain circumstances. Nevertheless, the imposition of intermediate sanctions is not required under K.S.A. 2013 Supp. 22-3716(c)(8) "[i]f the offender commits a new felony or misdemeanor or absconds from supervision while the offender is on probation." Here, it is undisputed that Holliday had pled guilty to misdemeanor battery in Wyandotte County while he was on probation in this case.

Although the record reflects that the parties discussed the underlying facts of the misdemeanor battery conviction at the probation revocation hearing, the material fact is that Holliday admitted to the conviction on the record. Because of this admission, we find that the requirements of K.S.A. 2013 Supp. 22-3716(c)(8) were met. Although Holliday cites *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018), in support of his argument on appeal, we do not find it to be helpful to our analysis. As indicated above, Holliday agreed that he had been convicted of a new crime and the underlying facts are not material to the resolution of the issue presented in this appeal.

Next, Holliday cites *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 602 (2015), in which a panel of this court remanded a probation revocation matter to the district court because it failed to set forth with particularity why an intermediate sanction was inappropriate. The panel in *McFeeters* was considering the application of K.S.A. 2014 Supp. 22-3716(c)(9), which permits the district court to bypass the statute's intermediate sanctions if the district court "finds and sets forth with particularity the

3

reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." But here, the district court relied on K.S.A. 2013 Supp. 22-3716(c)(8)—not K.S.A. 2013 Supp. 22-3716(c)(9)—in revoking Holliday's probation and reinstating his underlying sentence because he had admittedly committed a new crime.

Based on our review of the record, we find that the district court relied on Holliday's admission that he had committed a new crime and was not particularly concerned about the underlying facts leading to his battery conviction. This finding is also supported by our review of the journal entry filed by the district court after the hearing. We conclude that Holliday's admission that he committed a new crime was sufficient to meet the requirements of K.S.A. 2013 Supp. 22-3716(c)(8). See *State v. Walker*, No. 118,411, 2018 WL 6005242, at 2-3 (Kan. App. 2018) (unpublished opinion). Finally, we do not find that the district court abused its discretion either by revoking Holliday's probation or by imposing his underlying sentence under the circumstances presented in this case.

Affirmed.