NOT DESIGNATED FOR PUBLICATION

No. 123,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON MARK YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 28, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: Aaron Young pleaded guilty to possession of heroin and driving under the influence of drugs or alcohol. Though the combination of Young's convictions and his criminal history would typically result in a prison sentence under Kansas law, the district court placed Young on probation, hoping he would benefit from a residential drug treatment program. But in the months that followed, Young did not report to the residential program and committed new crimes. The district court thus revoked his probation and imposed the original 32-month prison sentence. Young appeals, arguing the court abused its discretion when it imposed a prison sentence instead of drug treatment. We granted Young's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48) and now affirm the district court's decision.

1

The incidents giving rise to Young's plea took place in September 2017. The State originally charged him with several offenses, including possession of an opiate, possession of drug paraphernalia, DUI, and driving with a suspended license. When Young agreed to plead guilty to the drug-possession and DUI offenses, the State dismissed the remaining charges. At sentencing, the district court recognized that these offenses, combined with Young's criminal history of B under the Kansas Sentencing Guidelines, carried a presumptive prison sentence. But based on the recommendations of the parties and its hope that Young would benefit from a drug treatment program, the district court granted a departure sentence, ordering Young to serve 12 months' probation with an underlying 32-month prison sentence.

A few months into his probation term, Young received a two-day jail sanction after he admitted to using drugs—a violation of the conditions of his probation. The court then modified the terms of Young's probation and specifically ordered him to report to a residential drug treatment program. But Young never reported to the program, nor did he complete other drug and alcohol treatment. And about a month later, Young committed new crimes—counterfeiting and larceny—when he used a counterfeit bill to pay for a pizza delivery.

At the hearing on these violations, Young admitted that he had not reported to the treatment program, had not otherwise completed drug treatment, and again had used multiple illegal substances. He also did not contest the State's allegations relating to the new crimes. Instead, he argued that even with these violations, the district court should allow him to remain on probation because he was not a violent offender and would benefit from drug treatment. The district court weighed these arguments but concluded that Young had shown he was not willing to participate in drug treatment outside of prison. Thus, the court revoked his probation and imposed the underlying 32-month prison sentence.

On appeal, Young bears the burden to show that the district court abused its discretion when it revoked his probation. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or based on a mistake of law or fact. 52 Kan. App. 2d at 47.

Because Young committed his offenses in September 2017, the analysis of his probation violations is governed by K.S.A. 2017 Supp. 22-3716. This statute sets forth a graduated-sanction framework for probation violations in most felony cases. See K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(E). But a district court has discretion to bypass these graduated sanctions and revoke a person's probation when that probation was originally granted due to a dispositional departure—that is, in lieu of a presumptive prison sentence—or if the person commits a new crime. K.S.A. 2017 Supp. 22-3716(c)(8)(A) and (9)(B). As the district court noted at the hearing on Young's probation violations, both situations apply here.

Because the district court had discretion to revoke Young's probation, we are left to consider whether its decision was inherently unreasonable. Young argues that he would have benefited more from a residential drug treatment program than a prison sentence. But the district court had previously ordered residential treatment as a term of his probation, and Young did not report to the program or otherwise seek treatment. Instead, he continued to use multiple illegal substances, did not report to his probation officer, and committed new crimes. Under these circumstances, the district court did not abuse its discretion when it revoked Young's probation and ordered him to serve his underlying prison sentence.

Affirmed.