NOT DESIGNATED FOR PUBLICATION

No. 123,970

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JADYN NATHANIEL COOPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed January 21, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Jadyn Cooper challenges the district court's revocation of his probation for misdemeanor offenses. He asserts the court should have used the procedure for assessing probation violations in felony cases, not misdemeanors, because his misdemeanor crimes can be aggregated in later cases, leading to a more severe sentence. But the fact that Cooper's convictions may have a particular legal impact during sentencing in later cases does not change the legislature's classifications of Cooper's present offenses as misdemeanors. We affirm.

1

In August 2019, the State charged Cooper with five counts of violation of a protective order, each a class A person misdemeanor, for incidents occurring between December 2018 and May 2019. Cooper entered guilty pleas to three of these counts in August 2020. The district court then imposed 12 months' probation with an underlying controlling 24-month jail sentence. As part of his probation, Cooper agreed to follow certain conditions such as obeying the law, maintaining employment or providing proof of a job search, and completing a domestic-violence assessment and following its recommendations.

In January 2021, Cooper's probation officer reported that he had violated the conditions of his probation in several ways. The alleged violations included committing the crimes of criminal damage to property, aggravated assault, and aggravated battery against his wife; failing to provide proof of completing an anger-management class, as recommended by his domestic-violence assessment; failing to provide proof of a job search; and not making scheduled court payments. The court prohibited Cooper from having contact with his wife and scheduled an evidentiary hearing. In late March, before the evidentiary hearing, Cooper's probation officer filed an additional probation-violation warrant, stating Cooper committed the crimes of driving while suspended and possession of marijuana and alleging Cooper had violated the court's no-contact order on various occasions.

The court held an evidentiary hearing in April. Based on the evidence presented, which included a police video of Cooper's wife shortly after the alleged aggravated battery, the court found Cooper violated all the conditions contained in the January warrant and some of the no-contact conditions from the March warrant. Based primarily on the fact that Cooper committed multiple new crimes, the court revoked probation and imposed the underlying jail sentence. Cooper appeals that decision.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or when that decision is rooted in an error or law or fact. 52 Kan. App. 2d at 47. The person challenging the revocation decision bears the burden to show the district court erred. 52 Kan. App. 2d at 47.

When Cooper committed his underlying crimes, Kansas law imposed different probation revocation procedures for misdemeanor and felony convictions. When a person violated his or her probation in a misdemeanor case, a district court had broad discretion to continue or modify probation, impose a two- or three-day intermediate jail sanction, or revoke probation. K.S.A. 2018 Supp. 22-3716(b)(3)(B)(i)-(iii). In felony cases, a court could generally revoke probation only after imposing an initial 2- or 3-day jail sanction and a subsequent 120- or 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E). But a court could bypass these intermediate sanctions in certain instances, including when the probationer committed a new crime or when the court explained with particularity either why the sanction would jeopardize public safety or how it would not serve the probationer's welfare. K.S.A. 2018 Supp. 22-3716(c)(8)(A), (9)(A).

Cooper argues that the district court made a legal error when it followed the misdemeanor-revocation procedure rather than the felony procedure. He asserts that because his three person misdemeanor convictions can be aggregated and treated as one person felony for criminal-history purposes in future prosecutions, the court should have treated them as a felony for probation-revocation purposes as well. See K.S.A. 2020 Supp. 21-6811(a). And he argues that under the felony-revocation procedure, the court erred when it revoked his probation without explaining with particularity why a sanction would jeopardize public safety.

There are several problems with this argument. Most notably, the statute's language is unambiguous regarding its treatment of felony and misdemeanor offenses. K.S.A. 2018 Supp. 22-3716(b) establishes the revocation procedure for misdemeanor cases. Because Cooper was convicted of misdemeanors, that section applies, and the district court had discretion to revoke his probation. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 6, 357 P.3d 251 (2015) (when statute is clear, appellate courts do not add language to statute that is not readily found); see also *State v. Hunter*, No. 117,304, 2017 WL 6062922, at *2-3 (Kan. App. 2017) (unpublished opinion) (rejecting similar argument to that raised by Cooper). Knowing that a misdemeanor conviction might have collateral consequences in later cases does not change the legislature's classification of that crime as a misdemeanor.

We also note that even if Cooper's underlying crimes were felonies, the district court had discretion to revoke his probation since he committed new crimes. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Thus, the statutory section on which Cooper relies—K.S.A. 2018 Supp. 22-3716(c)(9)(A)—would not apply.

In sum, Kansas law vested the district court with broad discretion to address Cooper's probation violations, including the authority to revoke his probation. Cooper has not shown the court abused that discretion when it revoked his probation after he committed multiple new crimes, and we find no error in the court's decision. The district court did not abuse its discretion when it revoked Cooper's probation.

Affirmed.