NOT DESIGNATED FOR PUBLICATION

No. 125,984

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTINA L. HENNEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and ISHERWOOD, JJ.

PER CURIAM: Christina L. Hennen appeals the decision of the Shawnee County District Court revoking her probation and imposing her underlying prison sentences. In doing so, the district court invoked the offender welfare bypass and ordered Hennen to serve her underlying prison sentences rather than imposing an intermediate sanction. On appeal, Hennen contends that the district court did not make particularized findings to justify application of the offender welfare bypass. However, based on our review of the record, we find that the district court adequately explained its rationale in doing so and relied on specific facts rather than on generalizations. Thus, we affirm.

1

On September 29, 2017, the State charged Hennen in case No. 2017-CR-1399 with two counts of forgery. The conduct leading to these charges occurred on October 24 and 26, 2015. On March 6, 2019, while the forgery case was still pending, the State charged Hennen in case No. 2019-CR-464 with one count of burglary, one count of theft, and one count of criminal damage to property. The conduct leading to these charges occurred on March 3, 2019. Ultimately, Hennen pled guilty to one count of forgery and one count of burglary under a universal plea agreement.

Based on Hennen's criminal history score of H, her sentence fell in a border box category for the controlling burglary conviction. As a result, the district court imposed a sentence of 38 months in prison on the burglary conviction and a consecutive 9-month sentence on the forgery conviction. However, finding that a nonprison sanction would serve community safety interests by promoting offender reformation, the district court suspended the sentences and placed Hennen on supervised probation for 18 months.

About one month after sentencing, the State filed a motion to revoke Hennen's probation in both cases alleging that she failed to report to her intensive supervision officer (ISO). At a hearing on November 4, 2020, the district court found that the State presented sufficient evidence to prove that Hennen violated her probation by failing to report. The district court imposed a 30-day jail sanction in each case. The district court also extended Hennen's probation in the forgery case for an additional 12 months from the date of the hearing.

In March 2021, the State filed its second motion to revoke Hennen's probation in both cases alleging failure to report. In June 2021, the State filed an amended affidavit adding an allegation that Hennen committed a new law violation for drug related charges. Hennen stipulated to these probation violations at a hearing on October 28, 2021. The

district court imposed a 30-day jail sanction in each case and extended her term of probation in each case for an additional 12 months from the date of the hearing.

About six months later, the State filed its third motion to revoke Hennen's probation in her burglary case alleging failure to report. Hennen again stipulated to the alleged probation violation at a hearing on June 9, 2022. The district court again imposed a 30-day jail sanction and extended probation in her burglary case for an additional 12 months from the date of the hearing.

On October 31, 2022, the State filed its fourth motion to revoke probation in Hennen's burglary case, and on November 16, 2022, the State filed its third motion to revoke probation in her forgery case, alleging failure to report in both cases. The district court held a probation violation hearing on November 17, 2022. At the hearing, the State presented the testimony of Hennen's ISO, Jimmy Zirkle, who testified that Hennen had not contacted him or reported for supervision since the last violation hearing on June 9, 2022. Hennen presented no evidence to refute Zirkle's testimony but asked the district court to take judicial notice that there was never a two- or three-day jail sanction imposed in these cases.

After the district court found that Hennen had again violated the terms of her probation, the State asked the district court to revoke Hennen's probation and impose her underlying prison sentences. On the other hand, Hennen's counsel argued that the district court lacked authority to revoke her probation and impose her underlying prison sentences because she had not yet received a two- or three-day intermediate jail sanction. Hennen's counsel therefore asked the district court to impose an intermediate jail sanction and reinstate her probation. The district court then gave Hennen the opportunity for allocution.

3

Ultimately, the district court revoked Hennen's probation and ordered that she serve her underlying sentences. In doing so, the district court applied the offender welfare bypass for intermediate sanctions and stated its rationale on the record. The district court subsequently filed journal entries in both cases noting the application of the offender welfare bypass and finding that intermediate sanctions would not aid Hennen given her prior violations as well as her lack of effort or contact with her ISO.

Thereafter, Hennen filed a timely notice of appeal.

ANALYSIS

On appeal, Hennen does not challenge the district court's finding that she violated the conditions of her probation. Instead, she contends that the district court failed to satisfy the particularized findings requirement of the offender welfare bypass for intermediate sanctions. In response, the State contends that the district court's findings were sufficiently particularized and were based on Hennen's pattern of behavior while on probation. The State argues that the district court appropriately found that Hennen's actions established a failure to understand and take advantage of the repeated opportunities she had been given while on probation.

The parties agree that Hennen's convictions resulted from acts committed in October 2015 and March 2019. As a result, the district court was required to exercise its discretion to revoke her probation within the statutory framework of K.S.A. 2015 Supp. 22-3716 and K.S.A. 2018 Supp. 22-3716. Those versions of the statute required the district court to impose intermediate graduated sanctions—in the form of a jail sanction for 2 or 3 days and a prison sanction of 120 or 180 days—before revoking probation and requiring the defendant to serve his or her underlying sentence.

4

An exception to the general rule in effect at the times relevant to this opinion is the intermediate sanctions bypass. K.S.A. 2015 Supp. 22-3716(c)(1); K.S.A. 2018 Supp. 22-3716(c)(1). Under both the 2015 and 2018 versions of the statute—which in pertinent part is also the same as the current version of the statute—a district court has the authority to revoke an offender's probation without having previously imposed graduated sanctions if it "sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(9); K.S.A. 2018 Supp. 22-3716(c)(9)(A).

If a district court wishes to bypass graduated sanctions because the welfare of the offender will not be served by imposing sanctions, it must make findings that are "'distinct rather than general'" and "'with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). In other words, "'an implicit determination is not enough.'" 308 Kan. at 652. To rely on this exception, the district court must explain why the offender's welfare will not be served by the imposition of an intermediate sanction. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). Also, in *State v. Duran*, 56 Kan. App. 2d 1268, 1276, 445 P.3d 761 (2019), a panel of this court found that "[b]road generalizations that equally could apply to all similar cases are not sufficiently particularized to meet the requirements of [the statute]."

A review of the record in this case reveals that the district court did not engage in "speculative and generalized predictions" but rather relied on Hennen's specific history of violating the conditions of her probation over several years. In reaching its decision, the district court reviewed the seriousness of Hennen's crimes of conviction as well as her repeated failures to take advantage of the opportunities to reform her life as a result of being placed on probation. In particular, the district court cited Hennen's repeated failures to report for supervision, her multiple prior violations of the conditions of her probation, her inability to complete a drug treatment program, and her previous incarcerations in jail

5

resulting from her multiple probation violations. Although the district court did not impose the 2- or 3-day jail sanctions, the district court had imposed three 30-day jail sanctions because of Hennen's previous probation violations.

The district court found that Hennen had a pattern of disregarding the conditions of her probation which showed that the attempts made to help her reform without serving her underlying sentences had failed. As a result of this pattern of behavior over the course of three years, the district court determined that an intermediate two- or three-day jail sanction would not serve Hennen's welfare by helping her reform her life. In reaching this conclusion, the district court explained:

> "[I]f there's going to be any reformation of you and your life, I think you're eventually going to have to learn about the consequences of your actions.
>
> "You are here convicted of rather serious crimes. Your punishment is not necessarily for what's happened recently, that is for not showing up for probation, but for the crimes that you originally committed. You were given a second chance at the time that you were sentenced in those offenses. You were not sent to prison. And then it appears that you were given a third, and a fourth, and maybe even a fifth chance.
>
> "The way the law worked at the time you were sentenced was there was what we call graduated sanctions. And that is a series of smaller steps in exposures to prison the Court was required to give you in order to see if that would help. If exposure to a shorter period of time in custody, or a shorter period of time in prison, would help to, sort of, change things for you.
>
> "However, the legislature also created escape patches for that. And one of them was if the Court made a finding that welfare of the offender would not be served by an intermediate sanction, the Court was not required to impose one. Based upon the evidence that I've heard here today, I make that finding. That is, I don't believe in either one of these cases, an intermediate sanction is going to do anything or serve your welfare. And the reason why is, I believe that the evidence demonstrates, on your part, a disregard

6

for the terms of your probation. You're not engaging with the terms of probation. There has been at least 11 months where you have had no contact with your probation officer, whatsoever, except for the one time you were brought to court to face an allegation that you had failed to report. And this is not a one-time instance. This has happened repeatedly, over and over again. And so considering the fact that we have tried inpatient drug treatment with you, and that hasn't worked, and we have tried to do probation with you, and you still do not engage with your probation, I don't think a quick dip, a smaller period of time in custody, is going to get the point across.

"And so, on that basis, I find that the exception applies, which means the Court can now impose the underlying sentence without doing the intermediate sanction. And that will be the Court's order. I'm going to impose the original sentence that was imposed at the time of your sentencing, which for the 17-CR-1399 case, was a sentence of 9 months in custody with 12 months of post-release supervision. And in 19-CR-464, that was a sentence of 38 months in custody of the Secretary of Corrections, with 24 months of postrelease supervision, running consecutively to 17-CR-1399."

Accordingly, we find that the district court adequately explained its rationale with sufficient particularity to justify imposing the offender welfare bypass. We also find that Hennen did not challenge the district court's finding that she violated the conditions of her probation. Thus, we affirm the district court's decision to revoke Hennen's probation and to impose her underlying sentences.

Affirmed.