NOT DESIGNATED FOR PUBLICATION

No. 123,016

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SETH A. KERR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed March 12, 2021. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: Seth A. Kerr appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Kerr's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Kerr does not challenge the revocation of his probation, only the failure to impose intermediate sanctions. Because the district court abused its discretion by bypassing intermediate sanctions without first setting forth with particularity the reasons for finding that the imposition of intermediate sanctions would jeopardize the safety of members of the public and would not serve Kerr's welfare, we remand the case for a new hearing.

FACTUAL AND PROCEDURAL HISTORY

In April 2019, Kerr pled no contest to one count each of possession with intent to distribute methamphetamine, a severity level 4 drug felony, and possession of drug paraphernalia, a severity level 5 drug felony. See K.S.A. 2018 Supp. 21-5705(a)(1), (d)(3)(A); K.S.A. 2018 Supp. 21-5709(b)(1). Because his criminal history score placed him in a "border box" for sentencing purposes, he faced a presumptive prison sentence. Yet at sentencing, the district court chose to impose a 26-month prison sentence but released him on an 18-month probation term with another 24 months' postrelease supervision.

Kerr later stipulated to violating his probation by failing to obey all laws, failing to maintain full-time employment or student status, failing to keep his probation officer informed of his current residence, failing to abstain from the use of illegal drugs, and failing to pay financial obligations related to his case. Defense counsel asked the district court to impose an intermediate sanction with a focus on more intensive inpatient addiction treatment, emphasizing that this was Kerr's first probation violation.

Instead, the district court found continuing probation would not promote Kerr's welfare and would threaten public safety, so it revoked Kerr's probation and imposed the underlying sentence. Kerr now appeals.

ANALYSIS

Appellate courts review a district court's decision whether to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State*

*v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Kerr bears the burden of showing an abuse of discretion. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Kerr does not challenge the alleged probation violations in this appeal. Instead, he asserts that revocation without imposing intermediate sanctions was unreasonable given his need for more intensive treatment. But beyond stating the court abused its discretion, Kerr does not point to any errors of fact or law in the district court's decision. So that leaves us with deciding whether the court's decision was arbitrary, fanciful, or unreasonable. We find it was.

A district court's discretion in revoking probation is limited by the intermediate sanction provisions outlined in K.S.A. 2018 Supp. 22-3716. When Kerr admitted to violating the conditions of his probation, a district court could revoke probation without having previously imposed a sanction, but only subject to certain exceptions. The district court relied on one exception to deny Kerr the opportunity to have intermediate sanctions accessed in his case rather than incarceration for the balance of his term—the public safety and offender welfare exception. See K.S.A. 2018 Supp. 22-3716(c)(9)(A).

Kerr recognizes that under K.S.A. 2018 Supp. 22-3716(c)(9)(A), the district court may revoke probation without previously imposing intermediate sanctions if it "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." At the violation hearing, the court emphasized that Kerr received a "border box" disposition because of the availability of a treatment program that would benefit him, yet Kerr failed to take advantage of that privilege. The court also found that his admissions about continued abuse of illegal drugs—including failed drug tests on six consecutive occasions—as well as the other admitted violations reflected a refusal or inability to comply with the terms of his probation.

3

But a court does not sufficiently particularize its findings if they are based upon broad generalizations about public safety and offender welfare that could easily apply to all similar cases. See *State v. Duran*, 56 Kan. App. 2d 1268, 1276, 445 P.3d 761 (2019). As this court found in *Duran*, findings that are the equivalent of stating that "a defendant has repeatedly failed to complete treatment and therefore will likely continue to do so" or "'you messed up, you will probably keep messing up, so you are not amenable to probation'" are the type of generalized findings that could apply to any probation revocation case. 56 Kan. App. 2d at 1275-76. We find that the district court's findings here, like those in *Duran*, are much like those that our Supreme Court has repeatedly rejected. See *State v. Clapp*, 308 Kan. 976, 988-91, 425 P.3d 605 (2018) (rejected district court's finding, after reciting Clapp's criminal history, that Clapp did not value how probation could help him change his life); *State v. Dooley*, 308 Kan. 641, 653-54, 423 P.3d 469 (2018) (finding that the judge's statement that "'[t]his is a serious violation and you've been on probation before, you knew what was required of you, you were given several chances'" was insufficient to bypass sanctions based on public safety and offender welfare). Accordingly, we find that the district court abused its discretion in bypassing intermediate sanctions based on the public safety and offender welfare exception, and we must remand the case for a new hearing.

We do note that Kerr also stipulated to violating his probation because of arrests for misdemeanor theft and traffic violations in August 2019. Kerr recognizes that under K.S.A. 2018 Supp. 22-3716(c)(8)(A), the district court *may* revoke probation without previously imposing intermediate sanctions "[i]f the offender commits a new felony or misdemeanor while the offender is on probation." But we cannot rely on this statutory provision to affirm the district court's decision when the district court did not invoke it. "In other words, we cannot affirm the district court for a discretionary decision it did not make." *Duran*, 56 Kan. App. 2d at 1277. The district court is free to take up this provision on remand.

4

Reversed and remanded with directions.

* * *

Powell, J., concurring:  I concur in the result.