NOT DESIGNATED FOR PUBLICATION

No. 123,354

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEL MEDLOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Joel Medlock appeals the district court's revocation of his probation and imposition of his underlying sentence. This court previously granted Medlock's request for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We now affirm the district court's decision.

Medlock pleaded guilty to two counts of failing to register under the Kansas Offender Registration Act, offenses that occurred in January and February 2019. In October 2019, the district court sentenced Medlock to a 41-month prison term. The court then granted Medlock's motion for a dispositional departure, suspended the underlying sentence, and imposed 24 months of probation.

1

Less than a month into his probation term, Medlock admitted to using or possessing drug paraphernalia (a violation of his probation conditions). As a result of this violation, the district court ordered a 60-day jail sanction and reinstated Medlock's original probation term.

In September 2020, the district court issued a warrant based on allegations that Medlock violated the conditions of his probation by consuming alcohol and possessing marijuana and drug paraphernalia. Less than a week later, the court issued a second warrant, alleging that Medlock also violated his probation by testing positive for methamphetamine and failing to gain and maintain full-time employment, attend drug and alcohol treatment, and pay court costs.

The court held a hearing on the allegations in both warrants. Medlock admitted to violating his probation by consuming alcohol, as alleged in the first warrant. He also admitted to the four violations alleged in the second warrant.

The court then turned to the appropriate disposition in light of these admitted violations. Medlock's intensive supervision officer suggested that the court order Medlock to reenter residential drug treatment, and Medlock indicated he was willing to seek treatment. The State recommended that the court revoke his probation, pointing to the history of his noncompliance and the fact he had originally been granted a dispositional departure after he indicated he was amenable to seeking drug treatment; the State noted that those treatment efforts had not been met with success. The court ultimately followed the State's recommendation, revoking Medlock's probation and imposing the underlying 41-month prison sentence. Medlock appeals.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court

2

abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, based on a mistake of law, or based on a mistake of fact. 52 Kan. App. 2d at 47.

The contours of district court's discretion to revoke a person's probation are defined by statute. When Medlock committed his underlying crimes in February 2019, Kansas employed a graduated-sanction system for addressing probation violations. Once the State established a probation violation had occurred, a court could impose a 2- or 3-day jail sanction for an initial probation violation, a 120- or 180-day prison sanction for a second violation, and revoke probation for a third violation. K.S.A. 2018 Supp. 22-3716(c)(1)(B)-(E). But relevant to our discussion, a court could forego the graduated sanctions and revoke a person's probation if the court's original grant of probation was the result of a dispositional departure (as was the case here). K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Medlock nevertheless argues that the district court acted unreasonably when it revoked his probation, particularly given the supervision officer's recommendations and his willingness to undergo drug treatment. But the district court had discretion under Kansas law to revoke Medlock's probation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B); *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020) (holding dispositional departure exception applies to probationers whose offenses occurred on or after July 1, 2017). Our review of the record shows that the court did not come to its revocation decision lightly; the court considered the supervision officer's recommendations and Medlock's substance-abuse challenges before issuing a decision. Its ruling was rooted in the fact that Medlock had repeatedly violated the conditions of his probation, which included multiple drug- and alcohol-related violations, over the span of a year. It was not unreasonable under these circumstances to conclude that further probation would be unsuccessful.

Affirmed.