NOT DESIGNATED FOR PUBLICATION

No. 129,082

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANN NICHOLE SPENCER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marion District Court; SUSAN C. ROBSON, judge. Submitted without oral argument. Opinion filed March 13, 2026. Vacated in part and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

PER CURIAM: Deann Nichole Spencer appeals the district court's order revoking her probation and ordering her to serve her original sentence for possession of a controlled substance. Spencer claims the district court failed to properly apply the public safety or offender welfare exceptions to revoke her probation without having previously imposed an intermediate sanction. We agree. Thus, we vacate the district court's order in part and remand for a new dispositional hearing.

1

*Factual summary*

Spencer pled no contest to one count of possession of a controlled substance, fentanyl, a severity level 5 felony. On May 20, 2024, the district court sentenced Spencer to 20 months' imprisonment but granted presumptive probation for 12 months to be supervised by community corrections. The record reflects that Spencer received a three-day jail sanction imposed by her supervising officer for an unspecified probation violation.

On January 21, 2025, the State moved to revoke Spencer's probation alleging she failed to remain drug free after admitting to ingesting marijuana and testing positive for other drugs. At a hearing on March 11, 2025, Spencer pled no contest to the State's allegations. The district court found that Spencer violated the conditions of her probation and continued the hearing to April 14, 2025, for disposition.

At the hearing on April 14, 2025, the State asked the district court to revoke Spencer's probation and order her to serve her original sentence. Spencer's counsel asked the district court to "give her the opportunity to participate in treatments as she has started" and argued she could benefit from a treatment program. Spencer made a brief statement on her own behalf and asked the district court "to give me another chance" at treatment. The district court's entire findings from the bench were as follows:

> "Ms. Spencer, I understand that you want to be given another chance, but I feel like at this point you have been handed opportunities, and unfortunately have not taken full advantage of them. So, I'm going to remand you to the Department of Correction to complete your sentence. Any monies—any monies that are owed, well, there won't be any money owed for this hearing I'll waive that, and I'll give her 60 days from the date she gets into DOC to pay that money, and after that it'll be turned over to the Court Trustee."

2

The journal entry of the probation violation hearing included a checked box indicating that Spencer's probation was revoked under K.S.A. 22-3716(c)(7) for "Public safety." The associated box for "Offender welfare finding" was not checked. In a comment box the district court stated in part:

"The Court finds the Defendant has not complied with the orders of her supervised probation and has not obtained treatment after being ordered to do so multiple times. The Court informs the Defendant that she has been given multiple chances to obtain treatment and she has not done so, therefor [*sic*] the Court revokes the Defendant's probation and remands her to the custofy [*sic*] of the Kansas Department of Corrections to serve her original sentence of twenty (20) months."

Spencer timely appealed her probation revocation.

*Did the district court properly apply K.S.A. 22-3716(c)(7)(A) in revoking Spencer's probation?*

On appeal, Spencer does not challenge the district court's finding that she violated the conditions of her probation by failing to remain drug free. Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Generally, the district court must impose at least one intermediate jail sanction before it can revoke a defendant's probation and impose the original sentence. See K.S.A. 22-3716(c)(1). But a district court may revoke a defendant's probation without having imposed an intermediate sanction when it finds and sets forth with particularity that the safety of the public will be jeopardized or the offender's welfare will not be served by an intermediate sanction. K.S.A. 22-3716(c)(7)(A). Although there are other statutory grounds to circumvent an intermediate sanction, the State does not allege that any apply here. See K.S.A. 22-3716(c)(7)(B)-(D).

3

Moreover, the parties do not dispute that under the circumstances here, the district court needed to impose an intermediate sanction before revoking Spencer's probation unless an exception applied to circumvent the sanction. Although Spencer received a three-day jail sanction imposed by her supervising officer without a court order because of an earlier probation violation, our court has held that such a sanction does not satisfy the statutory requirement for a court-ordered sanction under K.S.A. 22-3716(c)(1). *State v. McRoberts*, 65 Kan. App. 2d 481, 494-95, 567 P.3d 905 (2025).

Spencer's sole claim on appeal is that because the district court failed to make particularized findings that an intermediate sanction would jeopardize public safety, it erroneously revoked her probation by relying on this exception. The State first asserts the issue is not preserved for appeal because Spencer did not argue in district court that the court should impose an intermediate sanction before revoking her probation.

Generally, we will not review issues raised for the first time on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). But this court has addressed the merits of similar issues under similar circumstances. In *McRoberts*, the defendant made a more particularized argument on appeal that the district court lacked statutory authority to revoke her probation than she had made in district court. The State argued the issue was not preserved for appeal, but our court "decline[d] to draw the line so finely." 65 Kan. App. 2d at 485. We pointed out the defendant was asking our court to do the same thing she asked the district court to do—permit her to remain on probation after imposing an intermediate sanction rather than revoking her probation. 65 Kan. App. 2d at 485-86.

A similar analysis applies here. Spencer did not explicitly ask the district court to impose an intermediate sanction. But Spencer's counsel asked the district court to "give [Spencer] the opportunity to participate in treatments as she has started." Spencer asked the district court "to give me another chance" at treatment. A reasonable interpretation of these requests is that Spencer was asking the district court to impose an intermediate

4

sanction rather than revoking her probation. We find the issue is sufficiently preserved for appeal. See also *State v. Balderes*, No. 126,691, 2025 WL 2682166, at *3-4 (Kan. App. 2025) (unpublished opinion) (finding probation revocation issue was preserved even though defendant argued for the first time on appeal that he should have received an intermediate sanction when defendant argued below "'to not send him to prison at this time and to give him another chance,'" which this court found could be reasonably interpreted as requesting an intermediate sanction), *rev. denied* February 27, 2026.

Turning to the merits, Spencer claims that the district court failed to properly apply the public safety exception to justify bypassing the intermediate sanctions requirement. Spencer argues that the district court did not make adequate particularized findings as required by the statute and that the public safety exception did not apply to her circumstances anyway. The State concedes that the public safety exception does not apply here. Instead, the State asserts that while the journal entry listed the public safety exception, the district court really meant to apply the offender welfare exception, which is part of the same statutory subsection. K.S.A. 22-3716(c)(7)(A) provides:

> "(7) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1) without having previously imposed a sanction pursuant to subsection (c)(1) if:
> "(A) The court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

The State's argument fails because even assuming the district court intended to rely on the offender welfare exception and could do so despite listing the public safety exception in the journal entry, the district court failed to make the particularized findings required by the statute. In *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015), this court held that to satisfy the particularity requirement of the statute, a district

court's findings "'must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details'" and the district court must "explicitly address *how* the public's safety would be jeopardized or *how* the offender's welfare would not be served by imposition of the intermediate sanctions." (Emphases added.) In *State v. Duran*, 56 Kan. App. 2d 1268, 1275, 445 P.3d 761 (2019), this court emphasized that particularized findings are more than generalized findings that the defendant is not amenable to probation. If an appellate court must infer particularized reasons why the exception applies, then the district court's findings are not particular enough to satisfy the statute. 56 Kan. App. 2d at 1275.

At the dispositional hearing on April 14, 2025, the district court provided no more than a generalized statement that Spencer was not amenable to probation. The district court found, "Ms. Spencer, I understand that you want to be given another chance, but I feel like at this point you have been handed opportunities, and unfortunately have not taken full advantage of them. So, I'm going to remand you to the Department of Correction to complete your sentence." In a comment in the journal entry the district court reiterated that Spencer did not comply with orders and was given many chances to obtain treatment but failed to do so. These generalized findings fall short of the mark and ask us to infer from the record particularized reasons to support the district court's order.

We conclude the district court did not satisfy the particularized findings requirement in K.S.A. 22-3716(c)(7)(A) and thus abused its discretion in revoking Spencer's probation and ordering her to serve her original sentence without first imposing an intermediate sanction. The appropriate remedy is to vacate the district court's order revoking Spencer's probation and to remand the case for a new dispositional hearing where the district court must either impose an intermediate sanction or comply with statutory grounds to circumvent such a sanction. *Duran*, 56 Kan. App. 2d at 1277.

Vacated in part and remanded with directions.